48  562
53  161
48  562
e86  458
48  562
95  ¹630
95  ¹631
50  562
115  ²257

## Peoria, Decatur & Evansville Ry. Co. v. Hardwick.

1. *Master and Servant—Railroad Employes.*—It is a familiar doctrine in this State that an employe must be careful to note and report any defects or want of repair in the appliances which he is required to use. If the employer uses reasonable care to furnish safe and suitable appliances, he may expect his employe will promptly call attention to any defects that may appear, or of any repairs that may become necessary, so far as due care on his part will discover the same, and an employe who fails in this respect does not exercise ordinary care for his own safety.

2. *Master and Servant.*—The mere relation of master and servant can never imply an obligation on the part of the master to take more care of a servant than he may reasonably be presumed to take of himself, and so where defects in machinery or other appliances are as well known to the servant as to the master, the servant must be regarded as voluntarily incurring the risk resulting from its use, unless the master, by urging on the servant, or coercing him into danger, or in some other way, directly contributes to the injury.

3. *Master and Servant—Relative Duties—Instructions.*—It is error to instruct the jury that the master's duty is absolute, that he must furnish reasonably safe machinery and keep the tracks in reasonable repair, making him the insurer to that extent, when it is well settled that he is bound only to use due and reasonable care to that end.

4. *Instructions—Evidence Conflicting.*—In cases where the proof is of an unsatisfactory character, great accuracy and harmony should mark the instructions.

Memorandum.—Action against an employer by an employe for personal injuries. Appeal from a judgment in favor of plaintiff, rendered by the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed December 12, 1892.

### APPELLANT'S BRIEF.

Plaintiff was bound to prove, among other things, each of the following points and failed to do so:

That the plaintiff was negligent as alleged. St. L. Bridge Co. v. Fellows, 31 Ill. App. 282; Sack v. Dolese (Ill.), 27 N. E. Rep. 62; C., B. & Q. R. R. v. Montgomery, 15 Brad. 205; C., B. & Q. R. R. v. Smith, 18 Brad. 119; St. L. A. & T. Ry. Co. v. Lemon (Tex.), 18 S. W. Rep. 331; B. & P. R. R. Co. v. Maryland, 23 Atl. Rep. 310.

That the defendant had knowledge of the alleged defect, or was negligent in not knowing it. C., B. & Q. R. R. v. Montgomery, 15 Brad. 205; Richardson v. Cooper, 88 Ill. 270; E. St. L. P. & P. Co. v. Hightower, 92 Ill. 139; C., R. I. & P. R. R. v. Clark, 108 Ill. 113.

That the injury was caused by the alleged defects and in the manner charged in the respective counts of the declaration. Bloomington v. Goodrich, 88 Ill. 558; Gavin v. Chicago, 97 Ill. 66; L. S. & M. S. R. R. v. Beam, 11 Brad. 215; Chicago v. Dignan, 14 Brad. 128; Joliet v. Henry, 11 Brad. 154.

Plaintiff can not recover on account of the construction of the footboard, because he must have known its condition and height from the ground. It was there for his special use. I. C. R. R. v. Jewell, 46 Ill. 99; T. W. & W. Ry. v. Eddy, 72 Ill. 138; C. & A. R. R. v. Bragonier, 119 Ill. 51; T. W. & W. Ry. v. Asbery, 84 Ill. 429; Appel v. B. N. Y. & P. R. R. Co., 111 N. Y. 550; Lothrop v. Fitchburg R. R., 150 Mass. 423; Brooks v. North Pacific R. R. Co., 47 Fed. 687; C., R. I. & P. R. R. v. Clark, 108 Ill. 113.

It is not the law that defendant was bound to furnish reasonably safe appliances and to keep its tracks in reasonable repair. It is only required to use reasonable diligence to that end. City of Hoopeston v. Eads, 32 Brad. 75; C., B. & Q. R. R. v. Merckes, 36 Brad. 196, 204; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C., R. I. & P. v. Lonergan, 118 Ill. 41; T. W. & W. Ry. v. Eddy, 72 Ill. 138; W., St. L. & P. Ry. v. Fenton, 12 Brad. 417; C., M. & St. P. Ry. v. Standart, 16 Brad. 145.

It was error to instruct in this case that the law does not presume, in the absence of proof, that the plaintiff had notice, etc. The foot-board was there for his benefit. The law presumes he knew all defects open to ordinary observation, e. g., the height of foot-board. I. C. R. R. v. Jewell, 46 Ill. 99; T. W. & W. Ry. v. Eddy, 72 Ill. 138; C. & A. R. R. v. Bragonier, 119 Ill. 51; C., R. I. & P. Ry. v. Clark, 108 Ill. 113; C., B. & Q. v. Montgomery, 15 Brad. 205; Lothrop v. Fitchburg R. R., 150 Mass. 423; Consolidated Coal Co. v.

Wombacher, 134 Ill. 57, 66; M. C. R. R. v. Austin, 40 Mich. 247.

The instruction should have stated that plaintiff could not recover if he knew, or "in the exercise of reasonable observation should have known, of the defect." It required a higher duty of defendant than of plaintiff. C., B. & Q. R. R. v. Warner, 108 Ill. 538; St. L. & S. E. Ry. v. Britz, 72 Ill. 256; C., R. I. & P. v. Clark, 108 Ill. 113; C. & A. R. R. v. Bragonier, 119 Ill. 51, 66; McCormick Machine Co. v. Burandt, 136 Ill. 170; Quick v. Minnesota Iron Co. (Minn.), 50 N. W. Rep. 244; Pederson v. City of Rockford (Minn.), 42 N. W. Rep. 1063; Brooks v. North Pacific R. R. Co., 47 Fed. Rep. 687.

Plaintiff's fourth instruction had no application to the issues or evidence. It was erroneous and misleading. Defendant was not charged with a violation of the duty described. C., R. I. & P. v. Lonergan, 118 Ill. 41; McNair v. Platt, 46 Ill. 211; Espen v. Roberts, 33 Ill. App. 268.

STEVENS & HORTON and WILEY & NEAL, attorneys for appellant.

### APPELLEE'S BRIEF.

Railroads are held to the highest degree of vigilance to keep their road and all portions of their track in such repair and so watched and tended as to insure the safety of all who may be lawfully upon them, whether passengers, servants, or others. Railroad v. Shannon, 43 Ill. 345; Railroad v. Troesch, 68 Ill. 546; Railroad v. Swett, 45 Ill. 203.

The servant is entitled to assume that his master has furnished him with suitable and safe track and surroundings, and relieve him of investigation and inquiry in that regard. Railroad v. Hines, 132 Ill. 165; Railroad v. Swett, 45 Ill. 201; Railroad v. Welch, 52 Ill. 186; Nadua v. White, etc., 76 Wis. 131.

It is not his duty to ascertain whether the machinery and structure of the road are defective. It is the duty of the company to keep them in a safe condition. Railroad v.

Hines, 132 Ill. 165; Porter v. Railroad, 60 Mo. 160; 2 Thompson on Negligence, 1012.

Negligence of the plaintiff will not be presumed; it is a matter of defense. Railroad Co. v. Hines, 132 Ill. 165; Railroad Co. v. Clark, 108 Ill. 117.

When the nature of the service is such as to require that exclusive attention be fixed upon it, that they should act with rapidity, it can not be expected the servant should always bear in mind the existence of defects. Thompson on Negligence, Sec. 93; Railroad Co. v. Gregory, 58 Ill. 272; Railroad Co. v. Swett, 45 Ill. 201.

CRAIG & CRAIG, attorneys for appellee.

OPINION BY THE COURT.

Appellee recovered a judgment against appellant for $13,200. The declaration contained five counts, the first of which averred that the plaintiff was in the employ of the defendant as a switchman, and that while he was standing on the foot-board of a moving switch engine, in the performance of his duty, the foot board came in contact with the end of a plank (which was laid alongside the track) constituting a part of the crossing of B street, over the track, whereby he was thrown under the engine and seriously injured. In the second count it was averred that the rods supporting the foot-board had become out of repair and unfit for use, whereby the foot-board gave way, etc., etc.

The third count charged that the plank had become loose and extended above the track, so as to come in contact with the foot-board. The fourth count charged that the foot-board was hung so low that it would not safely pass over the tracks; and the fifth, that the plank had become loose and elevated, so as to be in the way of the foot-board.

Negligence of defendant was averred as to each of these matters, and it was averred that the plaintiff was not aware of the alleged defective conditions, and that he used ordinary care.

Thus, the plaintiff's allegations of negligence on the part of defendant were in substance :

1. That the foot-board was out of repair, in that the rods supporting it had become unsound and unfit for use.

2. That the foot-board was improperly constructed, in that it was hung too low.

3. That the plank, which was a part of the crossing, had been permitted to become loose, and raise up so far above the track as to obstruct the foot-board.

As to the first, there seems to have been no proof, nor anything tending to support it, aside from the fact that the foot-board was broken. The mere fact that a piece of machinery gives way, is not of itself sufficient to support the charge of negligence in an action by an employe against the employer. The allegation of negligence must be proved, and proof of the accident and injury does not shift the burden upon the employer so as to require him to show that he was free from negligence. Sack v. Dolese, 137 Ill. 129.

As to the other two grounds of alleged negligence, there was some proof *pro et con.* We shall not attempt to state it, but in our opinion it is difficult to see how the jury could find that the preponderance was with the plaintiff upon the second. As to the third, the evidence was very conflicting. Some of the witnesses for the plaintiff, say the plank was two and a half inches above the track, others an inch and a half, and so on, while the witnesses for defendant, who profess to have measured accurately, say not more than a half inch.

If the foot-board was adjusted at the proper height above the track, as the evidence seems to show, it is not readily apparent how the accident is to be accounted for. It may be that the engine, in moving rapidly, would dip more or less at each end, and that a loose joint in the track would increase this tendency. But whatever the cause, it was incumbent upon the plaintiff to show that he was unaware of any defective conditions, and that the defendant knew, or by the use of due care would have known, that there was a defect either in the construction of the engine or in the condition of the track.

The plaintiff had been engaged in this service for a considerable time, riding many times a day on this foot-board, over the very place where this accident occurred. He not only made no complaint of any defective condition as to either, but in his testimony he omits to say that he had ever discovered anything wrong or dangerous. He might be excused, ordinarily, for not observing the supposed protrusion of the plank above the track, if he had not so frequently ridden on the foot-board; but waiving this as an independent item, we can not understand how he should have failed to notice the fact, if it was a fact, that the foot-board was hung too low for safety, and then the observation that led to this conclusion could hardly have failed to disclose, if it was true, that the plank had become too high.

These considerations are important, because of the duty of the plaintiff to use due care, and to report any dangerous condition he may discover, to his employer.

In C.; R. I. & P. Ry. Co. v. Clark, 108 Ill. 119, the Supreme Court, in commenting upon a somewhat similar situation, remarks as follows:

" If deceased could not learn the place was dangerous by reasonable care, how can appellant be held liable because it did not learn the fact? Reasonable care, when exercised by the company, could only reach the same results that would be attained by the use of the same care by deceased. If by his care and diligence he could not learn that it was dangerous, it is unreasonable to hold appellant liable, where, by the use of the same care, it could not learn there was any danger."

It is familiar doctrine in this State, that an employe must be careful to note and report any defects or want of repair in the appliances he is required to use. If the employer uses reasonable care to furnish safe and suitable appliances he may expect the employe will promptly call attention to any defects that may appear or any repairs that may become necessary, so far as due care on his part will discover the same, and an employe who fails in this does not exercise ordinary care for his own safety. I. C. R. Co. v. Jewell, 46

Ill. 99; T. W. & W. Ry. Co. v. Eddy, 72 Ill. 138; Penn. Co. v. Lynch, 90 Ill. 333; C. & A. R. R. Co. v. Bragdonier, 119 Ill. 51. Many other cases might be cited.

As was said in Priestly v. Fowler, 3 M. & W. 1, quoted in Penn. Co. v. Lynch, *supra:* " The mere relation of master and servant can never imply an obligation on the part of the master to take more care of the servant than he may reasonably be presumed to take of himself;" and continuing, the court said, " and so it is held that where defects in the machinery or other appliances are as well known to the servant as to the master, the servant must be regarded as voluntarily incurring the risk resulting from its use, unless the master, by urging on his servant or coercing him into danger, or in some other way, directly contributes to the injury."

The third instruction given for the plaintiff reads thus:

" The court instructs the jury that if they believe from the evidence that the plaintiff was in the employ of the defendant as a switchman, in the switch-yards of the defendant, that in that case it was the duty of the defendant to furnish reasonably safe machinery and appliances and to keep the track in reasonable repair, and the plaintiff had a right to rely upon the defendant to do so, and the plaintiff was not bound to test the safety and fitness of the machinery in the first instance, before using it, in the absence of notice or knowledge, in the exercise of due care, that there was something wrong in that respect, and that the law does not presume, in the absence of proof, that the plaintiff had notice of defects, if the jury believe from the evidence that any existed, but the burden is on the defendant to prove that the plaintiff had notice of the defects, provided he has shown in the first instance, he was in the exercise of ordinary care at the time he was injured; and if the jury believe from the evidence that plaintiff received injuries from the defects of the foot-board, as alleged in the declaration, or received injuries from defects in the crossing at " B " street, by boards protruding, as alleged in the declaration, if from the evidence any such defects existed, while riding on the

foot-board in the regular and usual course of his employment, and exercising due care, if the jury so believe from the evidence, and that such defects were unknown to him, and that if the jury further believe from the evidence that the defendant knew of such defects, if any existed and are proven by the evidence, and that the existence of such defects constituted negligence on the part of the defendant, and in the exercise of ordinary care and diligence the defendant could have known of and repaired them, then the defendant is liable therefor."

By this the jury were told that the master's duty is absolute, that he must furnish reasonably safe machinery, etc., and keep the tracks in reasonable repair.    Thus he is made an insurer to that extent.    But it is well settled that he is bound only to use due and reasonable care to that end. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C., R. I. & P. Ry. Co. v. Lonergan, 118 Ill. 41.

And this rule has been frequently announced by the Appellate Courts.    The difference between the duty to furnish reasonably safe machinery and appliances, and the duty to use reasonable care to furnish such, is too apparent for discussion, and while in judicial opinions the distinction may not always have been kept in view, yet, it is believed, that it has nowhere been intended to hold that the master is under an absolute duty in this respect.    This instruction was also faulty in releasing the plaintiff from all duty to take notice of any defects which the use of the engine might have disclosed as to its construction.

As applied to the evidence the jury were permitted to find for the plaintiff, if they believed the machinery was not reasonably safe, or that the track was not so, regardless of the efforts of the defendant to make them so in the first place, and regardless of the failure of the plaintiff to discover anything insufficient in construction or in repair, and in express terms relieving the latter from all duty to notice and report any deficiency that by due care he might have discovered.    It is true the phrase " exercise of due care " as applied to the plaintiff appears more than once in the

instruction, but it is in such a connection and so obscured by the other terms used as to be without practical effect.

To say the least, the instruction is confusing and misleading, so that the jury might easily mistake the law to be applied to the evidence upon this very important point in the case.

The latter clause assumes that in the exercise of due care the plaintiff might fail to discover defects in the foot-board or in the crossing, and yet, that in the exercise of no higher degree of care the defendant was expected to make the discovery, a suggestion condemned as unreasonable by the Supreme Court in C., R. I. & P. Ry. v. Clark, *supra*. In view of the inconclusive nature of the evidence, and of the very high figure at which the damages were assessed, we not only can not say the jury were probably not influenced unfavorably by this instruction, but, on the contrary, we are strongly impressed with the suggestion that it had much to do in causing the verdict. We can not say its faults were cured by the instructions given for defendant. We regard the case as one where, because of the unsatisfactory character of the proof, great accuracy and harmony should have marked the instructions as a series, and from the amount allowed by the jury, we are disposed to think the case did not receive at their hands the impartial consideration the law requires. The judgment will be reversed and the cause remanded.