# Chicago & Alton R. R. Co. v. Charles F. Merriman.

1. PRACTICE—*Verdict Received by Different Judge.*—It is not an infrequent occurrence for a verdict to be received by a different judge than him who tried the case, and where the jury is present when the verdict is received and is polled, and where there is no doubt that it was the determination of the jury, the action of the court in receiving it is not erroneous.

2. MASTER AND SERVANT—*Servant Using Defective Machinery—When Negligence.*—To charge an employe with negligence in using a machine or appliance known to him to be defective, it must also be shown that he knew that the defect rendered its use dangerous.

3. SAME—*Employe Must Note and Report Defects.*—An employe must be careful to note and report any defects or want of repair in the appliance he is required to use. If the employer uses reasonable care to furnish safe and suitable appliances he may expect the employe will promptly call attention to any defects that may appear or any repairs that may become necessary, so far as due care on his part will discover the same, and an employe who fails in this does not exercise ordinary care for his safety.

4. INSTRUCTIONS—*Disregarding Knowledge of Master, of Defects and Dangers.*—An instruction which disregards the knowledge of the master of both the defect and its dangers, and of what effect a lack of such knowledge will have upon his liability, is erroneous.

Action in Case, for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. JAMES H. MOFFETT, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 20, 1899. Rehearing denied.

C. L. CAPEN and A. E. DEMANGE, attorneys for appellant; WM. BROWN, General Solicitor, of counsel.

EWING, WIGHT & EWING and FIFER & BARRY, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant for personal injuries, as the result of negligence, received while acting as fireman for appellant on one of its locomotives, while he was in the exercise of ordinary care for his own safety. It is charged that the

railroad company permitted this engine to become and remain out of repair, with a cracked right driving box and main pin, which latter broke while in operation, causing the injuries; that the company did not inspect the engine, and employed incompetent inspection for the purpose; and that appellant also maintained its road bed, at the point of the accident, in such a manner as to be the cause of these injuries.

Upon a trial by a jury, a verdict and judgment was rendered against appellant for $7,500, and having taken an appeal to this court, it assigns various errors upon the record as ground of reversal.

Among other things urged against the action of the Circuit Court in rendering the judgment, is the fact that the jury was sent out at 4:30 o'clock, Saturday evening, with instructions upon reaching a verdict to write it out, seal it, and deliver it to the officer in charge, who should return it to the court when in session, there to be opened and received, and the jury, upon so doing, to separate and be present at the entering of the verdict; which arrangement was not consented to by appellant, and specifically objected to by it; and the further facts that the jury did reach their verdict on the following day, Sunday, and did what the court ordered on that contingency; that such verdict was received by the court, with another judge than he who tried the case presiding, and that a newspaper published statements relative to the finding of the jury and the way it was reached, before the verdict was received by the court. Counsel claim this action of the court was prejudicial to their case; but nothing in the record is shown or preserved to maintain that position, and the force of the contention is therefore lost.    It is not shown that appellant was injured in any manner by such a course; and unless that be shown it can not be presumed reasonably, and we should be very loth to condemn a judicial act which the court probably had the best of reasons for ordering.  C., C., C. & St. L. Ry. Co. v. Monaghan, 140 Ill. 474.

So far as the verdict being received by a different judge

is concerned, it is not an infrequent occurrence, and it may be added that it is the court which receives the verdict, be the judge whom he may. The newspaper does not purport to have received intelligence from any juror. Furthermore, the jury was present when the verdict was received, and was polled; that it was the determination of the jury admits of no doubt. In view of these matters, the action of the court is not subject to the criticism imposed.

It appears from his statement in evidence that appellee, in his capacity as fireman, on May 7, 1897, returned to Bloomington from a run with a freight train, with engine 190, and Watkins, his regular engineer; and that in his presence the engineer inspected the machine and called his attention to the defective driving box complained of, and stated that he had reported the defect. The next morning, May 8th, he made ready to go out on the engine, but upon arriving on it, found a different engineer, Franz, in charge. He did not mention the matter of the driving box to Franz, who inspected the machine before going out, and made no inspection of it himself, and knew of no danger from its condition. They proceeded to the Lawndale curve, where the right main crank-pin broke, letting down the right main and side rods; within a few seconds the left pin also broke, letting down its rods. Appellee stood upon the deck of the machine during its successive jumps, due to the free end of the rod on the right side plunging into the ground; but as the drop from the first jump at the end of the rod on the left side struck the ground he says he was thrown backwards off the engine, down an embankment, and as he passed through the air, the left rod struck his leg, causing such a fracture that the limb was afterward amputated, and other injuries resulted upon his striking the ground. He further states that in the instant before the breaking of the right crank-pin, the engine gave a lurch as if to show that it ran upon a poorly maintained track. There is a grave conflict in all the evidence upon the material allegations of the plaintiff's declaration.

It is insisted that the court erred in admitting evidence

of the condition of appellant's road-bed, at the point where it is alleged to have caused the accident, for too great a period before and after the occurrence. It seems the evidence on this point covers a period two months prior to and ten days later than that date. Of course the application of a general rule would limit the admission of evidence on this point to a reasonable period before and after the event, and while we favor the position that proof of its condition within a much shorter period prior to the time in question would be sufficient, still we do not in this case consider this matter complained of reversible error.

We have examined the instructions which have been made the subject of complaint in the case, and as regards the most of them we find they are fairly accurate statements of the law applicable to the issues, and of those refused the principles contained were stated in others given when applicable. But among them there was asked and given for appellee the following instruction :

" If you believe from the evidence, and under the instructions of the court, that the defendant was guilty of negligence with reference to the driving box, as charged in some count of the plaintiff's declaration, and that by reason thereof the plaintiff was injured through the defendant's carelessness and negligence in that regard, while in the exercise of ordinary care for his own safety, then you are instructed that knowledge on his part as to the condition of the driving-box, on the day prior to the injury, will not bar a recovery under such counts of the declaration, providing you further believe from the evidence that he did not know, and by the exercise of ordinary care, could not reasonably have anticipated the danger likely to result therefrom."

The case of Knapp v. C. & E. I. R. R. Co., 176 Ill. 127, is cited in support of this instruction; and there at page 129, the court say : " To charge an employe with negligence in using a machine or appliance known to him to be defective, it must also be shown that he knew the defect rendered its use dangerous." And it is said that the instruction is good upon the theory that there is a well organized legal distinction between knowledge of defects in

machinery and knowledge as to the effect which may reasonably be produced by such defects. True, that is a sound distinction; but the difficulty is to apply it to this instruction. In the case cited the injury was caused by the sudden jamming of cars together while the conductor, who was injured, was handling the defective coupling; and it does not seem that he was using the appliance in an ordinary way, but inspecting it and trying to make a better and stronger connection by straightening the pin. It will be observed also that no such instruction as the one under discussion was before the court there. By it the jury was told, in effect, that if appellant was negligent in having a defective driving box, which resulted in injury to appellee, under the declaration, he could recover, notwithstanding the fact that he knew of the defect, but did not know or could not reasonably have anticipated, the danger of it. Thus it utterly disregarded the knowledge of appellant of both the defect and its dangers; and of what effect a lack of such knowledge would have upon its liability. That element is primarily essential to that liability, and is so recognized by the declaration in the case which recites, relative thereto, that appellant "knew òr ought to have known it." For if appellant could not, by the use of reasonable care, have learned of the danger, and in fact, did not so learn, then wherein would be its liability? In the case of P. D. & E. Ry. Co. v. Hardwick, 48 Ill. App. 562, at page 567, we say, quoting the citation, "If deceased could not learn the place was dangerous by reasonable care, how can appellant be held liable because it did not learn the fact? Reasonable care, when exercised by the company, could only reach the same results that would be attained by the use of the same care by deceased. If, by his care and diligence, he could not learn that it was dangerous, it is unreasonable to hold appellant liable, where, by the use of the same care, it could not learn there was any danger."

"It is familiar doctrine in this State that an employe must be careful to note and report any defects or want of

repair in the appliances he is required to use. If the employer uses reasonable care to furnish safe and suitable appliances he may expect the employe will promptly call attention to any defect that may appear or any repairs that may become necessary, so far as due care on his part will discover the same, and an employe who fails in this, does not exercise ordinary care for his safety."

The question in the case was not alone whether appellee knew of the defective appliance and of its dangers, or might reasonably have known the same, but also whether appellant knew, or might have known the same; and this objection does not seem to be cured by anything contained in other instructions. So it is plain the instruction is out of harmony, with a tendency to mislead; and, owing to the state of the evidence, in its conflicting character, and the consequent necessity for accurate instructions, we are constrained to pronounce the giving of it erroneous.

The matter of the cross-error laid by appellee upon the refusal of the court to admit evidence tending to show the condition of the track in October, after the accident, and to prove that it was substantially the same way at the time of the accident, remains to be considered. Regarding proof of this kind we have already expressed our opinion in this case, from which it may be seen we do not favor appellee's contention; it is too remote from the question really at issue. If appellee could, as he avers, show its condition at the time of the injuries, in May, that, we think, would be the best evidence; and whether it remained, as he suggests, until October, would certainly add nothing, nor make his proof stronger so far as the issues are concerned. We do not think the cross-error well taken.

Having found the error indicated, the judgment of the Circuit Court will be reversed and the cause remanded.