## Chicago & Alton R. R. Co. v. Charles F. Merriman.

1. MASTER AND SERVANT—*Duty of the Servant to Report Defects in Appliances—Reasonable Care.*—An employe must be careful to note and report any defects or want of repair in the appliances he is required to use, and his employer may, if he himself has used reasonable care, expect that the employe will promptly call his attention to any defect that may appear or any repairs that may become necessary, so far as due care on his part will discover the same, and an employe who fails in this respect, does not exercise ordinary care for his personal safety.

2. SAME—*Duty of Inspection of Appliances May be Imposed upon the Servant.*—While the servant may assume and rely upon it that the master has performed his duty and used reasonable care to furnish safe machinery and keep it in repair, nevertheless it is competent for the

master to impose upon, and for the servant to accept, by mutual understanding, the additional burden of inspection or examination of the appliances he is required to use, such as he is competent to make.

3. SAME—*Consequences of Neglect on the Part of the Servant to Perform His Duty of Inspection.*—The duty of inspection may be cast upon the servant by special contract, or by general rules or special orders brought home to his notice, and giving him reasonable opportunity for compliance; and to the extent to which such investigation is within his reasonable capacity, where such duty has been assumed by the servant and he has been .negligent in its performance, in consequence of which he is injured, for such injury he can not recover.

4. ESTOPPEL—*By Averments in Pleadings.*—Where the plaintiff in an action for personal injuries, sustained by reason of defective appliances, makes the averment in his declaration that such appliances were defective a material issue in the case, he can not afterward be heard to deny such averment when it becomes adverse to his rights.

5. NOTICE—*Of Defective Appliances—Burden of Proof—Master and Servant.*—The master is not responsible for the want of repairs when he has neither actual nor constructive notice of such need; this notice is not to be presumed, and it must be proved that the master was chargeable with notice of the particular defect complained of; but he is chargeable with constructive notice of whatever, by the use of ordinary care and diligence, he might have discovered, and avoided the accident thereupon.

6. SAME—*Notice to a Fellow-Servant Not Sufficient.*—Notice of a defect in the machinery to a fellow-servant is not sufficient to charge the master.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

A. E. DeMANGE, attorney for appellant; WILLIAM BROWN, general solicitor, of counsel.

EWING, WIGHT & EWING, and BARRY, MORRISSEY & FIFER, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This case was before us at a former time (86 Ill. App. 454), and a judgment for $7,500 was then reversed and the cause remanded for a new trial for the reasons stated in the opinion of the court. Another trial ended in a verdict and judgment for the same amount, to reverse which this appeal is brought and various alleged errors are argued to effect

such reversal, chief among which are, that the verdict is not supported by the evidence, and that the court misled the jury by its instructions, and refused proper instructions requested by appellant. The negligence charged against appellant is, in effect: through imperfect operation of one of its locomotive engines the right main crank pin became cracked, and the right rear driving box cracked across the top, which appellant knew, or ought to have known, which caused the crank pin to break, thereby dropping the side and driving rod, causing appellee to be thrown from the engine, and thereby injured him. It is also averred in the declaration that the road bed, ties and rails, at the place of accident, were uneven, sunken and broken, and that such condition of the track and the cracked condition of the driving box caused the crank pin to break, and thereby injured· appellee. Previous to the accident in which appellee was injured, he was fireman upon the engine in question with Watkins as the engineer, and at the time of such accident he was the fireman with Franz as engineer. There was evidence tending to show inspection and reasonable care by appellant to keep the engine in proper condi-. tion. Appellee testified that on the day before the accident he and Watkins discovered the driving box was cracked, and the next morning he reported for duty upon the same engine with Franz as engineer. Appellee did not report his discovery of the defect to the appellant, nor to Franz, or any other employe of the appellant. Watkins in his evidence denies such discovery was made. Franz testified that he inspected the engine before he started, and made no such discovery. ₹

If appellee and Watkins discovered the crack in the driving box, as testified by the former, it was the duty of each of them to report such defective condition to the master for repair, and to cease the use thereof until it was restored to a reasonably safe condition. C. & A. R. R. Co. v. Cullen, 87 Ill. App. 374; P. D. & E. Ry. Co. v. Hardwick, 48 Ill. App. 562. If appellee failed to report such condition to the master, or relied upon Watkins, the engineer, to do it,

and the latter likewise neglected to do so, the effect upon appellee would be the same, for the engineer and fireman are fellow-servants within the meaning of the definition of that term. It may be well doubted, from the evidence, if the cracked driving box, if such was the fact, had any effect upon the fracture of the crank pin, the actual cause of the accident. But however this may be, the subject of the cracked driving box was introduced into the case by the declaration and the evidence, and we must presume had weight with the jury in inducing the verdict that was returned, and in this aspect of the case it was requisite to the just demands of appellant, that the court should properly instruct the jury upon the point. If, therefore, the cracked driving box was an efficient cause of the injury, and appellee was insisting that it was, and the jury doubtless so found, then appellant was entitled to have the jury instructed substantially as embodied in the eighth instruction asked by it, but refused by the court, to the effect that workmen associated together in the same line of employment, and who are dependent upon each other's care for their mutual safety, are fellow-servants, and neither can recover damages from their employer for injury caused by negligent acts or defaults of the other, committed while they are so associated in the discharge of the same duties. It is the familiar doctrine in this State that an employe must be careful to note and report any defects or want of repair in the appliances he is required to use, and the employer may, if he himself has used reasonable care, expect the employe will promptly call attention to any defect that may appear, or any repairs that may become necessary, so far as due care on his part will discover the same, and an employe who fails in this, does not exercise ordinary care for his safety. P. D. & E. Ry. Co. v. Hardwick, *supra.* Such is the requirement of the law. We do not understand, however, that the rule extends so far as to make the employe an inspector, nor to supersede proper inspection by the master, of machinery in the use of the servant, but means only that upon discovery of defects by the servant, in the use of ordinary care while

in the use of the same, he will report it to the master.
While it is the rule that the servant may assume, and rely
upon it, that the master has performed his duty, and used rea-
sonable care to furnish safe machinery and keep it in repair,
notwithstanding this, we have no doubt it is competent for
the master to impose, and for the servant to accept, by
mutual understanding, the additional burden of inspection
or examination, such as he may be competent to make.
The duty of inspection and inquiry may be cast upon the
servant by special contract, or by general rules or special
orders brought home to his notice, and giving him reason-
able opportunity for compliance, and to the extent to
which such investigation is within his reasonable capacity.
Shear. & Red. on Neg., Sec. 217.    And where such duty has
been assumed by the servant, and he has been negligent in
its performance, in consequence of which he is injured, for
such injury he can not recover.    In the case presented, there
is some evidence tending to show that in addition to the
legal duty imposed upon the engineer and fireman to report
defects in the engine discovered by them in their ordinary
duties, they had assumed the further duty of examining for
such defects as might appear by such inspection as they
were competent to make, and in view of this phase of the
case, we are of the opinion the court erred in refusing to
give to the jury the tenth refused instruction requested by
appellant, which is as follows:

" The law is that an employer is not liable to an employe
for injuries received by such employe by reason of the neg-
ligent act or default of a fellow-servant.

And two employes of a common employer are fellow-
servants to each other when they are engaged in a common
duty in the same line of employment; or when their rela-
tions to each other are such as to enable them to have an
oversight over each other promotive of due care and caution.

And in this case if you believe from the evidence that
there was a common duty imposed by the defendant upon
both the engineer and fireman on arriving at the end of
their run, or before starting out again, or both, to inspect
and report defects, then even if you believe from the evi-
dence the engineers or either of them was or were negligent

either in making the inspections or inspection, or in report-
ing any defect or defects as ascertained by such inspection
or inspections, yet if you believe from the evidence they
were fellow-servants of plaintiff, such negligence, if any,
was that of a fellow-servant or fellow-servants of the plaint-
iff, for which the defendant is not liable."

Complaint is made by counsel for appellant of the second
instruction given by the court at the instance of appellee,
which is to the effect that it was the duty of appellant
to use all ordinary care to furnish a reasonably safe engine
and to provide reasonable inspection to discover dangerous
defects, and if the jury believed the engine was in a defect-
ive and dangerous condition, as charged in the declaration
(which meant as to the crank pin or driving box), and defend-
ant knew it was so defective and dangerous, or by care
could have known it, and that plaintiff did not know it was
defective and dangerous, then plaintiff was entitled to
recover. The plaintiff, appellee, testified that he knew the
driving box was cracked. This he neglected to report to
his employer. Had he performed his duty in this respect,
appellant would have known of the defect, and doubtless it
would have been repaired, and it is reasonable to infer that
would have led to the discovery of other defects, if any
existed. We think appellee was bound by his own testi-
mony, and was not in a position to ask the jury to disbelieve
or disregard his own evidence, and hence the instruction
was wrong in assuming that the appellee did not know the
driving box was defective; and while, as we have said before,
the defective condition of the driving box may have had no
effect in producing the fracture of the crank pin that caused
the accident, yet the declaration and the evidence of appel-
lee gave prominence to this fact, and the unquestioned
influence of it upon the jury toward inducing the verdict
that was returned, all combined, should, in justice, estop
appellee from forming an issue whether or not he knew the
driving box was cracked, and it was prejudicial error for the
court, as it did, to submit it to the jury, at the instance of
appellee. Appellee accepted the position that he knew the
driving box was out of order, and by his declaration, made

the averment that it was cracked, a material issue in the case, and he could not afterward be heard to deny it when it became adverse to his rights, upon the principle that a party can not claim a fact is true, when that subserves his interests, and at the same time repudiate it wherein it militates against the same interests.

The master is not responsible for the want of repairs when he has neither actual nor constructive notice of their need; and this notice is not presumed, but must be proved by the servant; and it must be proved that he was chargeable with notice of the particular. defect complained of. But he is chargeable with constructive notice of whatever, by the use of ordinary care and diligence, he might have discovered, or avoided the accident thereupon. He is entitled to a reasonable time, after notice of a defect, within which to make repairs. Shear. & Red., Neg., Sec. 194a. In the present case there can be no just claim from the evidence that the master had actual notice of the defect in either driving box or crank pin. The notice to the engineer, if he had such, was but the knowledge of a fellow-servant of appellee, and was not notice to the master. The only notice that could be claimed the master possessed was constructive merely, and that rested in the contention that a proper inspection would have disclosed the defects, and this of course would depend upon the fact whether such defects existed, or whether they were latent and not discoverable, concerning which the evidence is most unsatisfactory. The appellee testified he knew the driving box was cracked, and it seems unjust to us to hold the master responsible to appellee for knowledge he did not have of an alleged defect, and a failure to repair it, when at the same time the injured servant admits the knowledge in himself, and failure to report it to the master. The master is under no more obligation to care for the servant than the servant is to care for himself. All these rules affecting the relation of master and servant, in respect to their duties and obligations toward one another, are founded upon presumptions, and if the servant becomes aware that any of them are contrary to the fact, he can not justify himself in shut-

ting his eyes to the truth. In short, he can not be heard to say that he relied upon that which he did not believe. These are familiar conditions in the law of estoppel. Shear. & Red. on Neg., Sec. 185b. So, in the case presented, the servant, according to his own admission, had actual knowledge of the crack in the driving box, which the master had not. By the instruction last referred to, the servant seeks to hold the master responsible to him for such knowledge, and a failure to repair, at least to the extent such fact may be material to the issues in the case, and it is so interwoven with the other material facts in the case as to be inseparable from them. We believe the servant is, under the circumstances, estopped from claiming the master possessed such knowledge, and that it was error to submit that issue to the jury by the instruction, as was done.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial. Reversed and remanded.