THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY

*v.*

THOMAS LONERGAN.

*Filed at Ottawa May 15, 1886.*

1. NEGLIGENCE—MASTER AND SERVANT—*risks of the service assumed by the latter—presumption of knowledge.* A person who engages in the service of a railroad company in the running of its trains, is presumed to do so with a knowledge of the dangers incident to such service, and he assumes the risks of its ordinary hazards.

2. SAME—*duty of master in providing safe machinery.* An employer is not bound to furnish for his workmen the safest machinery, nor to provide the best methods for its operation, in order to save himself from responsibility for accidents resulting from its use. If the machinery be of an ordinary character, and such as can, with reasonable care, be used without danger to the employe, it is all that can be required from the employer.

3. So a railway company is not bound to furnish absolutely safe machinery for its employes. The machinery and other devices furnished the employe in operating the road, are not required to be the best, or of the most approved kind, or to be absolutely safe. It is sufficient if the same are reasonably safe.

If the company has reasonably safe machinery and appliances, it will not be required to discard the same and adopt or apply a new invention which is yet an experiment, and but partially adopted by other companies.

4. Same—*of an instruction—misleading as to character of appliances required.* Where the only negligence charged against a railway company was, that in constructing a turn-out or switch it failed to block the joints thereof, and the evidence was directed to the proof of that charge, the court instructed the jury that the law required a railway company to use reasonable and ordinary care and diligence in providing and maintaining reasonably safe structures, tracks, side-tracks, switches, turn-outs, etc., and that if it failed to do so, and an injury happened in consequence of the failure, to the plaintiff, while he was in the exercise of due and reasonable care, the defendant would be liable: *Held,* that while the instruction announced a correct abstract proposition of law, it was, under the facts of the case, calculated to mislead, and was erroneous, as leading the jury to believe the defendant was required to use blocks in its switches and turn-outs.

5. Same—*of an instruction—as determining what amounts to negligence.* In an action by a servant of a railway company to recover for a personal injury alleged to have resulted from an omission of the company to block the joints of a turn-out, the court instructed the jury that the plaintiff might recover damages for any permanent injury sustained by him, if shown, by the evidence, "from the acts complained of, in this case:" *Held,* that as the only act complained of was the omission to block the joints of the turn-out, it was not the province of the court to say that such omission was wrongful, or amounted to actionable negligence, and the instruction was misleading.

Appeal from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. M. Laws, Judge, presiding.

Mr. Thos. F. Withrow, Mr. James C. Hutchins, and Messrs. Wells & Keith, for the appellant:

Whether any facts have been established from which negligence can be reasonably and legitimately inferred, is a question of law for the court. *Randall* v. *Railroad Co.* 109 U. S. 478; *Railway Co.* v. *Jackson,* 3 App. Cas. 193; *Amos* v. *Sinnott,* 4 Scam. 447; *Teft* v. *Ashbaugh,* 13 Ill. 603; *Poleman* v. *Johnson,* 84 id. 270; *Philips* v. *Dickerson,* 85 id. 11; *Simmons* v. *Railroad Co.* 110 id. 346; *Frazer* v. *Howe,* 106 id. 563; *Bent* v. *Pardon,* 107 id. 196; *Goodrich* v. *Lincoln,* 93 id. 360; *Railway Co.* v. *Lewis,* 109 id. 128.

Instructions must be based on the evidence, and when given they virtually tell the jury that there is evidence upon which to base them; and if it further appears that they are unwarranted by the evidence, it is manifest error to give them. *Railway Co.* v. *Miller*, 76 Ill. 464; *Railway Co.* v. *Robinson*, 106 id. 142; *Railway Co.* v. *Lewis*, 109 id. 129.

Under the law, the undisputed facts utterly failed to establish a cause of action, and the submission of the question of negligence by plaintiff's first instruction was manifest error.

The employe assumes the risks and ordinary hazards of the service. *Hayden* v. *Manufacturing Co.* 29 Conn. 548; *Ladd* v. *Railroad Co.* 119 Mass. 412; *Wonder* v. *Railroad Co.* 32 Md. 417.

The question is not whether the master might have provided better machinery, but whether the machinery employed was suitable and proper for the business. Wood on Master and Servant, sec. 692; *Pennsylvania Co.* v. *Lynch*, 90 Ill. 333.

The master is not liable because he may not have provided the safest machinery. *Maginnis* v. *Bridge Co.* 49 Mich. 466; *Railway Co.* v. *Few*, 15 Bradw. 125; *Railway Co.* v. *Smithson*, 1 Am. and Eng. Ry. Cases, 101; *Smith* v. *Railway Co.* 69 Mo. 32; *Randall* v. *Railroad Co.* 109 U. S. 478; *Payne* v. *Reese*, 100 Pa. St. 301.

The plaintiff's first instruction is also erroneous, for the reason that it is not confined to the negligence charged in the declaration. *Railroad Co.* v. *Robinson*, 106 Ill. 142; *Manufacturing Co.* v. *Ballou*, 71 id. 419; *Railway Co.* v. *Jones*, 76 id. 311.

Plaintiff's second instruction is erroneous because it cumulates the same elements of plaintiff's damages, and second, because it assumes that the "acts complained of in this case" are wrongful. *Railway Co.* v. *Carey*, 90 Ill. 514; *Small* v. *Brainard*, 49 id. 355; *American Ins. Co.* v. *Crawford*, 89 id. 64; *Barullett* v. *Bellgard*, 71 id. 282; *Chambers* v. *People*, 105 id. 410.

Messrs. Wilson & Raum, and Messrs. Puterbaugh & Puterbaugh, for the appellee:

A railway company should provide and maintain reasonably safe structures, tracks, side-tracks, switches and turn-outs, and other appliances required for the reasonable safety of those in its employ; and if it fails to do so, and in consequence of such failure an injury happens to one of its employes, when in the line of his employment as such, and while in the exercise of due and reasonable care and caution, the company will be liable. *Railroad Co.* v. *Taylor*, 69 Ill. 461; *Railroad Co.* v. *Welch*, 52 id. 183; *Railroad Co.* v. *Swett*, 45 id. 197; *Railroad Co.* v. *Shannon*, 43 id. 338; *Richardson* v. *Cooper*, 88 id. 270.

A railway company, as regards its employes, must use all ordinary care and supervision to keep its railroad in a good and safe condition; and if its agents, charged with the duty of inspecting and repairing the track, have notice of defects in it, or by reasonable care and diligence could have learned them, and omit to make repairs, in consequence of which an employe is injured while he himself is using reasonable care and prudence, then there is a want of such care on the part of the company as the law requires, and the company is liable for such injuries. *Lecke* v. *Railroad Co.* 49 Iowa, 109; *Railroad Co.* v. *Fitzpatrick*, 31 Ohio, 479; *Railroad Co.* v. *Russell*, 91 Ill. 298; *Railroad Co.* v. *Estes*, 96 id. 470; *Railroad Co.* v. *Rung*, 104 id. 641; Cooley on Torts, 556, 557.

An employe of a railroad company assisting in running its trains is not bound to know or inquire whether the road has been safely and properly constructed. There is an implied undertaking on the part of the company, with its employes, that all that can reasonably be done to render the road safe has been done. *Railroad Co.* v. *Swett*, 45 Ill. 197; *Railroad Co.* v. *Hogar*, 11 Bradw. 498; *Railroad Co.* v. *Russell*, 91 Ill. 298.

What is or is not negligence in a particular case is a question of fact, to be determined by the jury; and it is equally as well settled that a question of comparative negligence is as clearly within its province. *Railroad Co.* v. *Bonifield*, 104 Ill. 224; *Railway Co.* v. *Elliott*, 98 id. 481; *Railroad Co.* v. *Zoffinger*, 10 Bradw. 252; *Railroad Co.* v. *Klauber*, 9 id. 613; *Railroad Co.* v. *Clark*, 11 id. 104.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on the case, brought by Thomas Lonergan, against the Chicago, Rock Island and Pacific Railway Company, to recover for an injury received on the 18th day of December, 1883, resulting in the loss of an arm. The declaration contains but one count, in which it is averred that the defendant owned and operated a railroad from Chicago to Rock Island, through the village of Bureau Junction, and also a branch from Bureau Junction to Peoria; that on the 18th day of December, 1883, plaintiff was in the employ of the defendant as a brakeman on freight trains, and at way stations, such as Bureau Junction, to assist in switching, coupling and uncoupling cars, and that while so employed it was the duty of the defendant, to enable engines and cars at said Bureau Junction to pass from one track to another, to provide a safe turn-out, and properly block the joints thereof, so as to enable plaintiff, and others employed in like service, to perform the same with reasonable safety, yet the defendant, not regarding, etc., did not use proper care and skill in constructing its turn-out at said Bureau Junction from its main line to said branch railroad, and neglected to properly block the joints thereof; and the plaintiff avers that at the date above mentioned, at said Bureau Junction, while the plaintiff was engaged in coupling or uncoupling cars, and was using due care and caution, and without notice of the defective manner in which said turn-out had been constructed, and

the dangerous way in which the joints had been left, and of which the defendant had due notice, the foot of the plaintiff became fastened in the joint of said turn-out, when a car of the defendant then in motion threw him upon the track of the railroad, and the wheels of a car of the defendant passed over his left arm, crushing the same so that it had to be amputated, and the plaintiff was thereby greatly hurt, bruised, and became lame and disordered, and so remained hitherto, during all which he suffered great pain, etc.

It will be observed, that the only negligence upon which the plaintiff bases his right of recovery against the railroad company is, that the switch at Bureau Junction, in which plaintiff's foot was caught, was unblocked.

It will only be necessary to look at the evidence introduced on the trial, for the purpose of determining whether the instructions given for the plaintiff presented the law to the jury, which should govern the case as made by the testimony.

The evidence introduced in regard to the use of blocks on switches is not voluminous. The first witness called upon this question was the general agent of the Chicago, Burlington and Quincy railroad, at Peoria. He testified that the frogs, and parts of tracks where one track diverges from another, are nearly all blocked in the company's yard in Peoria. Blocks have been in a year, or a year and a half. The same is the case on the Burlington road, in Galesburg and Burlington. Many of the guards and frogs of the Peoria and Pekin Union are blocked in Peoria. The witness stated that he had been at Peoria three years, and no one had been injured on a switch, either before or after the blocks were put in. On cross-examination the witness testified that the Burlington road has four thousand miles of road, and he don't know whether the blocks add to the safety of the men operating the road or not. Alva Brewer, a switchman on the Peoria and Pekin Union, testified that, with few exceptions, that company in Peoria has its switches blocked. They are put,

in to keep any one from being caught. There is danger when they are not blocked, if a man would get his foot caught, and the cars were moving towards him. By having blocks put in it would be pretty hard for a man to get his foot below the ball of the rail. He also stated that the only other road he ever saw use blocks was the Burlington; that was a different block. His acquaintance with blocking is limited to Peoria and Galesburg. T. B. Burnett, superintendent of the Peoria and Pekin Union railroad, testified that he was using Holt's patent block; there are other appliances; he has tried filling in between the rails with cinders; that is used on the Wabash; something of this kind is used on many different roads,—not universally; the blocking is to keep men from catching their feet between the rails; there is no absolute safety; it is more safe than without them; the necessity for something for a foot-guard is known and recognized; as to the practice of using blocks could not say; it is not universal; not half the roads use them; the Hart patent block was first recommended to witness by the defendant; the defendant owns this patent, and uses it on its road. James Redman testified that the tracks of the defendant were blocked in Peoria. S. L. Cunningham, yardmaster for the Burlington road, testified that the Burlington road used oak blocks sawed to fit the rail or switch. The idea was to keep the men from getting their feet in the frogs. The Peoria and Pekin Union uses blocks, but of a different kind. On cross-examination, he stated the blocks were an experiment, and are yet. The evidence also shows that no blocking was used by the defendant at Bureau Junction.

The foregoing is the substance of the evidence introduced in regard to blocking frogs and switches, and upon the evidence thus presented the court gave for the plaintiff an instruction, as follows:

"You are instructed by the court, on the part of the plaintiff, that the law requires a railroad company to use reasonable

and ordinary care and diligence in providing and maintaining reasonably safe structures, tracks, side-tracks, switches, turn-outs, and other appliances required for the reasonable safety of its employes; and if it fails to do so, and in consequence of such failure on its part an injury happened to one of its employes or servants, when in the line of his employment, as such servant, and while in the exercise of due and reasonable care and caution, then, in such case, the railroad company would be liable for the injury or injuries thus received."

As an abstract proposition of law, it is not claimed that this instruction is incorrect, but it is contended, that, under the pleadings and evidence in this case, the instruction was improper, and that it could do no less than mislead the jury. The running of trains on a railroad is a dangerous service, and the employes of a railroad company engaged in that service are subject to many hazards which are not incident to other departments of labor. An employe who engages in the service of a railroad company in the running of its trains, is presumed to do so with a knowledge of the dangers incident to such service, and he assumes the risks of its ordinary hazards. An employer is not bound to furnish for his workmen the safest machinery, nor to provide the best methods for its operation, in order to save himself from responsibility from accidents resulting from its use. If the machinery be of an ordinary character, and such as can, with reasonable care, be used without danger to the employe, it is all that can be required from the employer. (*Payne* v. *Reese*, 100 Pa. St. 306.) It is also a well settled proposition in this and in the courts of other States, that a railroad company is not bound to furnish absolutely safe machinery for its employes. The law imposes upon the company the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery, tracks and switches, engines, etc., for the use of those engaged in its service. The machinery and other devices furnished the employe in oper-

ating the road, are not required to be the best, or of the most improved kind, or to be absolutely safe. It is sufficient if the same are reasonably safe. *Camp Point Manf. Co.* v. *Ballou*, 71 Ill. 418; *Simmons* v. *Chicago and Tomah Railroad Co.* 110 id. 340.

The rule on this subject is stated in *Lake Shore and Michigan Southern Railroad Co.* v. *McCormick*, 74 Ind. 447, as follows: "The master's obligation is not to supply the servant with absolutely safe machinery, or with any particular kind of machinery, but his obligation is to use ordinary and reasonable care not to subject the servant to extraordinary and unreasonable danger. When a master employs a servant to do a particular kind of work with particular kind of implements and machinery, the master does not agree that the implements and machinery are free from danger in their use, but he agrees that such implements and machinery to be used by such servant are sound, and fit for the purpose intended, so far as ordinary care and prudence can discover; * * * and the servant agrees that he will use such implements with care and prudence. If, under such circumstances, harm or injury comes to the servant, it must be ranked among the accidents the risk of which the servant must be deemed to have assumed when he entered into such service. * * * Neither companies nor individuals are bound, as between themselves and their servants, to discard and throw away their implements or machinery upon the discovery of every new invention which may be thought or claimed to be better than those they have in use; but if they take ordinary care and exercise ordinary prudence to keep their implements or machinery in sound repair, so that harm does not result to the servant for want of such sound condition of the implements or machinery used, then such individuals or companies will not be responsible to servants for any injury which may occur to them in the use of such implements and machinery." See, also, *McGinnis* v. *Canada Southern Bridge Co.* 49 Mich.

466; *Smith* v. *St. Louis, Kansas City and Northern Railway Co.* 69 Mo. 32.

Keeping in view the principles of law above announced, which should control the responsibility of employer to employe, and the relation existing between them, it is quite apparent that the instruction complained of was calculated to mislead the jury in their deliberations upon the evidence. It will be observed, that the only negligence charged in the declaration is, that the defendant, in constructing its turn-out or switch, had failed to block the joints thereof, and the purpose of the evidence introduced by the plaintiff in reference to the use of blocks was to prove this averment of the declaration. When, therefore, the court instructed the jury, for the plaintiff, that the law requires a railroad company to use reasonable and ordinary care and diligence in providing and maintaining reasonably safe structures, tracks, side-tracks, switches, turn-outs, etc., and if it fails to do so, and an injury happens in consequence thereof, to an employe in the exercise of due and reasonable care, then the railroad company would be liable, the jury must have understood, from the instruction, that the railroad company was absolutely required to use blocks on its switches and turn-outs. There was no other negligence charged in the declaration to which this instruction could refer. Had it been proven that an unblocked switch or turn-out was unsuitable or unsafe, or that defendant had not used proper care and skill in constructing its turn-out or switch at Bureau Junction, a different question might be presented; but such was not the case. It is apparent, from the evidence, that unblocked switches have been in use on the various railroads, all over the country, for years, and it is a fair inference, from the evidence, that the blocking of of switches is yet but an experiment. The invention is yet in its infancy. At all events, the utmost that can be claimed for the new appliance is, that where blocks are used it may be safer for the employe than where the switch is constructed

according to the old plan.    Conceding this to be true, as we have seen from the authorities cited, the failure to use the new device does not render the company liable.    It must appear, before the defendant can be held liable, that the switch or turn-out, as constructed and used, was not reasonably safe, or that it was not constructed with the usual care and skill.    An employer is not required to change his machinery in order to apply or adopt every new invention. (Wharton on Negligence, sec. 213.)    The fact that a few of the railroads of the country have adopted this new device, or that the defendant has used it on a part of its road, is not enough to establish its utility, and establish negligence in every other road that adheres to the old system.    The old system of constructing switches must be condemned.    It must appear that unblocked switches are unfit for the purpose for which they are constructed.    It is not enough to prove that in the opinions of witnesses blocked switches are safer for the employe, as the law does not require the employer to furnish absolutely safe machinery or the most approved pattern. He is only required to furnish that which is shown to be reasonably safe and proper for the purpose for which it is constructed.    Under the facts, as established by the evidence, we think the instruction was calculated to mislead the jury.

The second instruction given was also calculated to mislead. By it the jury were told, plaintiff might recover damages for any permanent injury sustained by him, if they found, from the evidence, that the plaintiff has sustained permanent injury from the acts complained of in this case.    What acts were complained of?    Only the omission to block the joints of the turn-out, and clearly it was not the province of the court to tell the jury that omission was a wrongful act.    If the jury understood the instruction in that way, as they might well do, it was obviously prejudicial to defendant, and the giving of it was error.

The judgment of the Appellate and circuit courts must be reversed, and the cause remanded.

*Judgment reversed.*

MULKEY, C. J., SHOPE and MAGRUDER, JJ.:    We do not concur in the opinion in this case.