## Illinois Central R. R. Co. v. Laura B. Johnson, Adm'x, etc.

1. FELLOW-SERVANTS—*Co-Employes and Vice-Principals.*—A co-employe may be a fellow-servant at one time and a vice-principal at another, depending on the nature of the service he renders at the time the negligence complained of is charged.

I. C. R. R. Co. v. Johnson.

2.   MASTER AND SERVANT—*Duty of the Master in Furnishing Appliances.*—It is the duty of the master to use reasonable care in furnishing safe appliances for doing his work to the servants in his employ.

3.   SAME—*Liability of the Master When His Negligence Combines with that of a Fellow-Servant.*—When the negligence of the master combines with the negligence of a fellow-servant to produce the injury complained of and neither alone is the efficient cause, the master is liable.

4.   APPELLATE COURT PRACTICE—*Exclusion of Evidence When Not Included in the Motion for a New Trial.*—Where the exclusion of evidence is not assigned as a cause for a new trial, it can not be considered by the Appellate Court.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

W. F. BUNDY and FRANK F. NOLEMAN, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action on the case brought by appellee for damages occasioned by the death of Zeddie C. Johnson, who was in the employ of appellant as switchman in its yards at Centralia, Illinois. There were three counts in the original declaration; in substance they charged appellant with negligence in failing to provide the deceased with a suitable engine for the purpose of switching, and in failing to properly equip the same with a suitable foot-board and hand-holds upon which he could stand and hold while performing his duties as switchman; also in setting deceased to work with a common road engine without suitable footboard or hand-holds to perform his duties as switchman.

The third count contains the additional averment that deceased was inexperienced in the business of switching, and that the dangers and hazards of working with this improperly equipped engine, by reason of his inexperience, were unknown to him.

An additional count was filed which averred that the deceased was inexperienced in the work of switching and unfamiliar with the hazards and dangers incident thereto; that the defendant had in its employ one John Phipps in the capacity of foreman of one of its switching crews, and that deceased was set to work under the control of said foreman; that it was defendant's duty to furnish deceased with a suitable locomotive for the purpose of switching and provide the same with suitable and safe foot-boards and hand-holds; and charges that the defendant negligently furnished deceased with a common road engine which was not suitable for switching and failed to equip it with suitable and safe foot-boards and hand-holds; that the said John Phipps, by virtue of his authority as foreman, negligently undertook to make a running switch, and negligently ordered deceased to stand upon the front end of said engine and uncouple certain cars therefrom, well knowing the inexperience of deceased and the dangers involved in the performance of that duty; and that said dangers were unknown to deceased by reason of his inexperence; that while using due care and caution for his own safety, the deceased, while attempting to uncouple said cars, while in rapid motion, was thrown off said engine by reason of the improper equipment of the same and the lack of suitable hand-holds and foot-board, and was run over and killed by a car following the same.

The plea of general issue was filed.

Verdict for the plaintiff for $4,000, upon which judgment was entered and from which the defendant appealed.

Appellant used two switch engines in its yards at Centralia, and two regular switching crews. At times, when business pressed, an extra crew was employed who used whatever common road engine happened to be in the yards and not otherwise employed. Switch engines have no pilot or cow catcher, and are provided with boards for the switchmen to stand on, and rods for them to hold to when the engines are in motion.

At the time of the death of Zeddie C. Johnson, the work

in the yards was more than the two regular crews with the switch engines could do, and, as was the custom in such cases, an extra crew was hired, who used a road engine. John Phipps was the foreman of this extra crew which consisted of the deceased, Zeddie Johnson, and J. A. Tompkins. Henry Nordman was the engineer and Joseph Galbert the fireman. Phipps, the foreman of the crew, received his orders from the yard master, and in carrying out these orders, had control and directed the movements of the switching crew.

At the time of the occurrence, the crew were making a running switch; the engine was attached to one car, on which Tompkins rode to manage the brake, while Phipps stood on the back part of the pilot, ready to step off and throw the switch, and Johnson stood on the front of the pilot to uncouple the car when the switch was reached. The engine was moving backward at the rate of two or three miles an hour. The pilot was not provided with rods for the switchman to hold by. A board had been slipped in one side of the pilot by Johnson and Tompkins, to stand on. While uncoupling the car, Johnson fell or was thrown on the track and was killed by the uncoupled car following.

At the close of the testimony, appellant moved the court to instruct the jury to find for defendant. The instruction was properly refused, there being sufficient evidence to require the submission of the case to the jury.

Appellant urges that there is no proof of ordinary and reasonable care on the part of the deceased. This was an issue for the jury to decide. They heard witnesses describe the environment, the circumstances of the accident, and the actions of the deceased. They were fully instructed upon the law affecting the question. We are not warranted by the evidence in setting aside their conclusion upon this issue. To do so would be to invade the province of the jury, in deciding an issue of fact where the conclusions of reasonable men might differ.

Appellant insists that Phipps and the deceased were fellow-servants, and that for this reason, if by the order of

Phipps there was negligence in making a running switch with a road engine, a recovery can not be had.

Phipps was the foreman of the switching crew. He received his orders from the yardmaster, and gave orders to the crew. They were subject to his orders in doing their work, and to this extent he was a vice-principal. A co-employe may be a fellow-servant at one time and a vice principal at another, depending upon the nature of the service he renders at the time the negligence is charged. Libby, McNeal & Libby v. Scherman, 146 Ill. 552; C. & A. R. R. Co. v. May, 108 Ill. 299; Fraser & Chalmers v. Schroeder, 163 Ill. 460.

We think the jury was warranted in finding, if they did so find, that Phipps, as foreman of the crew, was not a fellow-servant when exercising command over the crew.

It is clear from the evidence that a road engine was not as well adapted to the kind of switching that was being done at the time of the accident, as a regular switch engine, and was not as safe for the crew. It is also clear that the press of business at the yards was not an unusual occurrence. Road engines were frequently pressed into temporary service. E. L. Meyers, yardmaster, a witness for appellant, testifies that sometimes three switch engines were employed, and at other times only two; that they had plenty of switch engines; that he had made a request for a third switch engine.

It is the duty of the master to use reasonable care in furnishing safe appliances, etc., for doing his work, to the servants in his employ. C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41; L. E. & W. R. R. Co. v. Morrissey, 177 Ill. 382; Leonard v. Kinnare, 174 Ill. 532; M. M. M. Co. v. Erling, 148 Ill. 521.

The added count of the declaration charges the making of a running switch with an engine not adapted to such service. This is in effect a charge of concurrent negligence in failing to supply a suitable engine and in using it by the order of the foreman of the crew in making a running switch. If the jury found that these allegations, together

with the other usual allegations in the count, were proven, appellee was entitled to recover, unless it appeared in evidence that the deceased knew that the engine was unsafe for such service, and knew of the risks he encountered in obeying the order of the foreman.

The question of negligence was for the jury to decide. I. C. R. R. Co. v. Gilbert, 157 Ill. 354.

When the negligence of the master combines with the negligence of a fellow-servant to produce the injury, and neither alone is the efficient cause, the master is liable.   C. & A. R. R. Co. v. House, 172 Ill. 601; Joliet v. Shufeldt, 144 Ill. 403; Pullman Palace Car Co. v. Loock, 143 Ill. 242; C. & N. R. R. Co. v. Gillison, 173 Ill. 265.

The jury in the case at bar may have found that the death of Johnson was caused by the negligence of appellant in failing to provide a suitable car for making a running switch, and in the concurrent negligence of the foreman in using the car furnished in making such switch.   Nor are we warranted by the evidence in saying that it is shown that the deceased had such knowledge of the risks of the use of the kind of car furnished in making a running switch as precludes a recovery in the case.   That was a question of fact for the jury, and under the evidence in the case their finding upon this fact must be held to be conclusive.

Objection is made to the first instruction for appellee upon the ground that the court refers to Phipps as foreman of the crew.   The instruction is faulty in this respect, but as the evidence that he was foreman is not in any way disputed or contradicted, the error is harmless.

The exclusion of evidence offered by appellant, not being assigned as a reason for new trial in the written motion for such trial, is not before us for consideration.

Judgment affirmed.