## William McAlonan v. McArthur Brothers Co.

1. MASTER AND SERVANT—*Duty of the Master in Providing Safe Machinery.*—An employer is not bound to furnish for his workmen such machinery as is absolutely safe, nor the safest machinery made; but he is to use reasonable and ordinary care and diligence to provide

apparatus such as can, with reasonable care, be used without danger to the employe.

2. Same—*Master Not Liable for an Injury Caused by a Fellow-Servant.*—Where one servant receives injury through the negligence or want of care on the part of a "fellow-servant," the common master will not be liable for the injury.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. Charles G. Neely, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed June 28, 1901.

King & Gross, attorneys for plaintiff in error; Andrew J. Hirschl, of counsel.

Wall & Ross, attorneys for defendant in error; Percy Werner, of counsel.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit for personal injuries. Appellant was injured while employed in connection with a pile driver upon the foundations of the new Federal building at Chicago. He was engaged in adjusting what is known as a "follower," which "consisted of a piece of pile ten or twelve feet long, with a band." This is placed upon the top of a pile which has been driven below the surface of the ground and is used to receive the blows of the hammer and enable the pile beneath it to be driven still deeper. It was plaintiff's duty to adjust this "follower." The morning he was hurt, the "follower" was swinging from a rope, and as he was about to guide its lower end so as to place it perpendicularly upon the iron hood or cap covering the top end of the pile below, and before the follower was adjusted ready for the driver, the hammer above slipped suddenly and prematurely, falling about four feet, striking the "follower," and causing the latter to strike plaintiff on the foot, inflicting the injury complained of. At the close of the plaintiff's evidence the court instructed the jury to find the defendant not guilty.

It is not claimed that plaintiff was himself negligent in any way contributing to the injury. It is contended in his behalf that the machinery was defective, and had been for

McAlonan v. McArthur Brothers Co.

such length of time as to charge the defendant with notice. It is said the "friction" was out of order and did not work perfectly. This "friction" consisted of two wooden blocks set in slots in a circle within a frame, operating against a smooth iron surface. It appears the degree of success in holding the weight of the hammer by this friction alone, was dependent upon the force used in applying it. As tes· tified by one witness, himself a hoisting engineer, he "could hold it with the friction if he would jam it hard;" and it appears that it required more force "in the morning when the friction was wet from during the night." There was, however, another method of holding the weight, by means of a "dog," which the undisputed testimony of witnesses called in plaintiff's behalf shows could be applied still more readily than the friction, and was a perfectly secure and sure method of holding all the weight required. The witnesses differ as to what the engineer's habit was at this time, whether it was his custom to rely generally on the friction or to use the dog. It appears that prior to the accident the hammer had been known to slip occasionally, " drop down maybe a couple of feet, where it would get a better hold of his friction." This is what happened, apparently, when appellant was injured. The morning of the accident, as work was about to begin, the engineer found it difficult to raise the hammer with the friction. When he got it up he used the friction, not the dog, to hold it, and before the "follower" was in place the hammer slipped, coming down about four feet and striking the follower.

The evidence does not tend to show defective apparatus for holding the weight. It does show that the "friction" worked more or less successfully according to the strength applied to it, the smoothness of the surfaces to which it was applied, and the degree of dampness, whether by frost or otherwise. The accident occurred the morning of December 2d, a time of the year when in the early morning there was quite likely to be frost accumulated over night on the iron surfaces upon which the friction operated. But there was the "dog," which the engineer could have applied with at least equal readiness and with assurance of

its ability to hold the weight. Assuming that it may have been negligence on his part not to have used it, there is no evidence that he was not competent. His negligence, if any, was, as it seems to be conceded, that of a fellow-servant. The evidence fails to show negligence of the master. He is not bound to furnish for his workmen such machinery as is absolutely safe, nor the safest machinery made, but to use reasonable and ordinary care and diligence to provide apparatus such as can, with reasonable care, be used without danger to the employe. C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41 (49). In that case it is said, quoting from L. S. & M. S. R. R. Co. v. McCormick, 74 Ind. 447: " If, under such circumstances, harm or injury comes to the servant, it must be ranked among the accidents the risk of which the servant must be deemed to have assumed when he entered into such service." In the case before us it appears that appellant was engaged in work for which he was employed. He is a ship carpenter by trade but had been engaged for several months preceding upon the foundation work in doing which he was injured. It is urged by plaintiff's counsel that " the mode of operating was by use of this friction, and that it was clearly out of order." We do not so understand the evidence. It does appear that the engineer did not use sufficient pressure to hold the hammer from slipping about four feet, but this does not show any defect in the appliances furnished by the employer.

The negligence of the employer, it is said, consisted in "furnishing an apparatus with a defective friction arrangement;" and it is said the engineer was negligent in using the friction when he might have used the dog. Hence it is argued and authorities are cited to sustain the proposition that the " master is liable for his negligence joining the negligence of the plaintiff's fellow-servant." But since, as we have said, the evidence fails to show such alleged defect and such alleged negligence of the master, the proposition referred to is not in point.

We find no error in the judgment of the Circuit Court and it must be affirmed.