### Frank W. Meyer, Adm'r, etc., v. Henry C. Meyer.

1. MASTER AND SERVANT—*Duty of the Master to Furnish Reasonably Safe Machinery.*—It is the duty of the master to provide suitable and safe, or ordinary, machinery or appliances, which, with reasonable care, can be used with reasonable safety.

2. SAME—*Master Not Required to Furnish the Safest or Best Machinery.*—The master's duty is not to furnish the safest or best machinery, but his obligation is met by the maintenance of such as is reasonably safe for the purpose maintained.

3. INSTRUCTIONS — *Effect to be Given Evidence on a Peremptory Instruction to Find for Defendant.*—A motion for a peremptory instruction to find for the defendant brings before the trial court for its determination the right of the plaintiff to a verdict upon the evidence, and the effect to be given the evidence is the same as if a motion for a new trial should be made by defendant after verdict returned against him, on ground verdict would not be supported by the evidence.

Action in Case.—Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEEHAN, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

JAS. A. CONNOLLY, C. A. SCHAEFFER and R. R. HEWITT, attorneys for appellant.

Meyer v. Meyer.

MILLS & McCLURE, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This case was before us at a former time upon appeal from a judgment against the present appellee, and for reasons stated in the opinion (86 Ill. App. 417), the judgment was then reversed and the cause remanded. Upon another trial, the court directed a verdict for the defendant, and, having given judgment in bar of the action, the present appeal is prosecuted to reverse the same, and such action of the court in so directing a verdict, together with the rejection of proper evidence, as it is said, are urged to effect such reversal.

A sufficient statement of the case is contained in our former opinion, to which we refer without repetition here. The burden of proof was upon appellant to show the negligence charged in the declaration against appellee, and that the deceased came to his death in consequence thereof, as well also that the intestate was in the exercise of due care for his own safety at the time he was killed. Upon consideration of the whole evidence, we are unable to conclude appellant has proved any of the specific facts we have pointed out. We are of the opinion that the death was caused by the neglect of the deceased to observe the cautions as to surrounding danger brought to his attention by the employer, and otherwise to heed the danger that beset him by attending conditions that would be patent to all ordinary persons so situated, in the exercise of due care. The machinery that caught and killed him was only dangerous when a person put himself in contact with it, just as all other machinery is when in motion, and is only safe when avoided. This all ordinary men should know, whether cautioned or not. The motion of appellant for a peremptory instruction brought before the trial court for its determination the right of appellant to a verdict upon the evidence, and the effect to be given the evidence was the same as if a motion for a new trial should be made by appellee after verdict returned against him, on the ground the verdict would not be supported by the evidence. We

have no doubt in such case the trial court would be required to grant a new trial, and, this being true, it is no longer unfamiliar doctrine in this State, the direction of a verdict is proper practice. Neither is this rule an invasion of the province of the jury to consider and weigh the evidence, as implied by counsel in their argument, but merely the application of the power of the court to review the evidence, and that has always been an incident to trial by jury, and is a part of the system itself. It is of no consequence whether this power be invoked and exercised before or after the verdict, if, in truth, as we believe, the evidence would not warrant a verdict for the plaintiff. The practice of directing a verdict in such cases tends to put an end to litigation, and for such reason is to be commended in proper cases.

Upon the trial, appellant offered to prove that the usual and customary methods with ice-houses like the one in question, is to cover the horizontal shaft that contains the set-screw with a boxing that will prevent any person coming in contact with the shaft itself; but the court sustained an objection to this, and appellant, having duly excepted, argues this ruling of the court as prejudicial error, and among other authorities cited to sustain this point is McGregor v. Ried, Murdoch & Co., 178 Ill. 464. Upon examination of that case, we are not of the opinion it is in point on this question, for the reason that a safety device had been in use on the elevator, and, in consequence of its being out of working order, it did not hold after the cables had slipped or pulled out of their sockets. The safety device was a part of the construction of the elevator, and it was unnecessary to prove the manner in which other elevators were constructed, and the question here did not arise in the case for decision. The question in issue in the case we are now considering was whether the machinery, as constructed, was reasonably safe while being used by a person in the use of ordinary care; not whether the machinery in other ice-houses was better or more safely constructed. In Chicago & E. I. R. R. Co. v. Finnan, 84 Ill. App. 383, in the decision of a similar question, we said:

"It may be that the one (device) was comparatively safer than the other, and it may be that it was absolutely safe in respect to the manner in which Finnan was killed, yet the fact can have no bearing unless it affects the real question at issue—did the master provide suitable and safe, or ordinary machinery or appliances which, with reasonable care, could be used with reasonable safety, which was the master's duty and the question for the jury? (C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41; C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330; C. & E. I. R. R. Co. v. Kneirim, 152 Ill. 458.) The question, then, as to whether the appliance was reasonably safe may be said to be independent of the question whether a safer or better device exists, it having been held that the master's duty is not to furnish the safest or the best, but that his obligation is met by the maintenance of such as are reasonably safe for the purpose intended."

So it is seen, the ruling of the court rejecting the offered evidence, was right. Neither was there prejudicial error in the rejection of the opinion of a witness whether the shaft was in the ordinary condition that shafts are and ought to be, for the tower of ice-plants; for to have admitted it would, we think, have been an invasion of the jury's province. By the amended record filed herein, it appears the question of costs in the trial court is eliminated from the case.

The judgment of the trial court will be affirmed.