CHICAGO & WESTERN INDIANA RAILROAD COMPANY
v.
JOHN THOMLINSON ET AL.

*Sales—Contract — Stone for Depot — Extras — Evidence—Burden of Proof—Instructions—Agency.*

In an action brought to recover a sum claimed to be due for certain stone furnished, it being alleged that the same was not included in a given contract, this court holds that the burden of proof was upon the plaintiff to establish his claim, and that the trial court erred in instructing the jury that the same was upon the defendants to show that the stone in question was furnished under the contract.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Messrs. OSBORN & LYNDE, for appellant.

Mr. ALLAN C. STORY, for appellees.

GARY, J. The appellees, by contract with the appellant, furnished the cut stone for the passenger depot of the appellant, at Polk street. The contract was for the stone "agreeable to drawings and specifications bearing even date herewith, drawn and prepared by Cyrus L. W. Eidlitz, architect, and signed by the contracting parties." "Signed by contracting parties" is ambiguous. "Contracting parties" is synonymous with "contractors," and if this word had been used, the common understanding would have been that only the appellees were to sign.

There was a drawing stamped with the name, profession and address of the architect, and signed by the appellees, showing the tower of the depot, the cut stone for which is now claimed as extra. The testimony agrees that that draw-

ing was signed by the appellees in New York some weeks later than it bears date, but there is a dispute whether the appellees had had an opportunity to take into account the stone shown by it, in making their calculations, and whether they were misled, by mistake or design of the architect, to suppose that they had figured upon the stone shown by it. When the time for furnishing that stone came the appellees claimed that it would be extra.   The appellants denied it.

Without going into detail, it may be said that the most favorable aspect of the case for the appellees is, that they were entitled to go to the jury upon the questions whether the architect was so far agent of the appellant that, if he misled the appellees, the appellant was chargeable with the consequences; whether, in fact, he did mislead them, and whether, if the appellees were not bound under their contract to furnish the stone in question, there was any request, express or implied, by the appellant to the appellees to furnish it.

And upon all these questions the burden of proof would be upon the appellees, with certainly a good deal of doubt as to their success.   Now, upon this state of the case, the court instructed the jury that the burden of proof was upon the appellants to show that the stone was furnished under the contract.

For this error the judgment is reversed, without going over the many questions made by the parties.

*Reversed and remanded.*