98    207
101    ²326

## Peter A. Anderberg, Adm'r, etc., v. Chicago & N. W. Ry. Co.

1.  HAZARDS—*Perils of an Employment—Unknown Dangers.*—Where the peril is obvious and where no explanation by the employer can make it more apparent to the ordinary intelligence than does the mere view of it, the doctrine of unknown dangers incident to a known defect does not apply.

2.  SAME—*Failing to See Obvious Obstructions.*—The law imposes no obligation on a member of a train crew when on duty to be on the lookout for dangerous obstructions overhanging the track, for his service requires him to give his undivided attention to the careful and diligent performance of his duties and he has the right to rely upon the employer to give him a safe and unobstructed track, but this does not mean if he sees the danger or knows of it, or it is obvious to him, he is not required to avoid it, by the exercise of ordinary care, but it means he is not required to anticipate it, look for or expect it.

3.  MASTER AND SERVANT—*When the Servant Accepts Service with Knowledge of Dangers.*—When a switchman accepts employment in the yards of a railroad company with knowledge of the character and position of structures from which employes might receive injuries he can not hold his employer liable for injuries received by reason of such obstructions.

4.  SAME—*Ordinary Care—Burden of Proof.*—Where a switchman in the employ of a railroad company stands upon the top of a car, approaching an obstruction with which he is familiar, but with his back toward it, and so remains until he is struck by it and killed, in an action to recover damages resulting from his death, the burden of showing that he was in the exercise of ordinary care at the time, rests upon his personal representative, without which there can be no recovery.

**Trespass on the Case.**—Death from negligence. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed November 21, 1901.

**Statement.**—This suit was brought by appellant, as administrator of the estate of Anton E. Anderberg, deceased, to recover damages for the death of his intestate, caused, as is alleged, through negligence of appellee. Appellant's intestate was a switchman in the employ of the appellee railroad company. His duties took him, as one of a freight switching crew, into the yards of the Lassig Bridge Works

and upon a railroad track owned and maintained by the bridge company. The track in part ran between two buildings of the bridge company, which buildings were connected by a bridge, extending from one building to the other and arranged to hold the belting which conveyed power from the one building to the other. This belting box or bridge was at a height of about eighteen or nineteen feet at its lowest part above the surface of the rails of the railroad track, which passed beneath it. It was over this track, passing beneath this box or bridge, that appellant's intestate and the other members of his switching crew were obliged to run cars belonging to the appellee.

Appellant's intestate was a good switchman, possessed of good eyesight and hearing. He had been in the employ of appellee for about seven months. For four months preceding his death he had, in the course of his duty, gone with cars in and out of the Lassig Bridge Works property and under the box or bridge above described on an average three times a day. Upon the day of his death he went with his switching crew to take some cars out of the yards of the bridge works. The train, after coupling to the cars which were to be taken out, proceeded with them to the scalehouse of the bridge company, presumably to have the cars weighed, and in so doing passed over the track under the box or bridge between the two buildings. The train was proceeding north at about the speed of a man walking, *i. e.*, at the rate of about three or four miles per hour, when it passed under the box or bridge. Appellant's intestate stood upon one of the box cars of the train looking to the south. As this car neared the box or bridge a boy at a window of one of the buildings called to him to warn him. He either did not hear or heed the warning, and as the car upon which he stood passed under the box or bridge, he was thereby knocked from the car, fell beneath the wheels of the next car following, and was killed. The distance from the top of the rail of the track to the top of the box car was about fifteen feet and four inches.

The *narr.* consists of three counts. Each count charges

negligence in the handling and managing of the train; the second count charges negligence also in causing the train to run under a structure across the track; and the first count charges a failure to give its employe, appellant's intestate, "due and proper warning of the danger of said structure."

The evidence introduced by appellant established only the facts above set out, and the kinship of certain next of kin of the deceased. At the conclusion of the introduction of evidence by appellant, the court, upon motion of appellee, peremptorily directed a verdict for appellee. From judgment thereon this appeal is prosecuted.

GEORGE BURRY, attorney for appellant.

E. E. OSBORN, attorney for appellee; A. W. PULVER and LLOYD W. BOWERS of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

It is difficult to perceive how any negligence of the appellee can be predicated upon the facts of this case. No negligence is charged in the construction or maintaining of the structure by which appellant's intestate was knocked from the car. None could be, for the structure was built and maintained by another, company, viz., the Lassig Bridge Works, upon its own property. It is charged by the declaration that there was negligence in the managing of the train, but none is shown by the evidence, unless it can be held that the very running of any train under the box or bridge constituted negligence. But it can not be held that the mere fact of running a train under a structure or into a building is negligence, if it be safe to do it under proper management. The facts of this case do not disclose that a train when properly managed could not easily be safely run under this structure and into the scale-house. On the contrary, it is disclosed that it had been done daily for months and by the deceased himself, with others. The declaration charges also negligence in that appellee failed to warn its employe, appellant's intestate, of the danger incident to passing beneath this struc-

ture. But the employe was well aware of the existence of the structure and its relation to the track upon which he worked, and he had been thus aware for months. The dangers incident to the structure were apparent; there was no latent or uncertain peril in it. No one of mature years and of ordinary intelligence could fail to see the dangers and all the dangers incident to the use of a railroad track passing beneath this structure and into a building. The duty of any further warning to an employe, thus familiar with the conditions and the danger, would of necessity involve the proposition that the company should have told its intelligent employe that he could not stand upright and pass safely through a space of three feet and seven inches, which was between the top of the car and the bottom of the bridge, or that it should have sent some one to warn the employe each time that he approached the structure upon a train. The absurdity of either proposition is apparent. 1 Shearman & Redfield on Neg. (4th Ed.), Sec. 203; 2 Bailey on Personal Injuries, Secs. 2729, 2731; Aerkfetz v. Humphreys, 145 U. S. 418; L. & N. R. R. Co. v. Hall, 87 Ala. 708.

But if there was any negligence imputable to appellee, and we are clearly of opinion that there is none, yet a recovery by appellant would be precluded upon the ground that this peril was a hazard assumed by the employe as an ordinary risk of his employment.

Cases are cited by the learned counsel for appellant which hold that where the defect is known to the employe, but the dangers incident to the defect may not be fully known and appreciated, then the doctrine of an assumed hazard can not apply to bar a recovery. Of such are: Swift v. O'Neill, 187 Ill. 337, and C., R. I. & P. Ry. Co. v. Cleveland, 92 Ill. App. 308. But we are aware of no case which holds, where the peril is obvious and where no explanation by the employer could make it more clear and apparent to the ordinary intelligence than does the mere view of it, that then the doctrine of unknown dangers incident to a known defect can apply. The distinction between the rule as to perils which are obvious and those

Anderberg v. C. & N. W. Ry. Co.

which are not is very clearly stated in N. C. St. R. R. Co.
v. Dudgeon, 184 Ill. 477, wherein the court said, quoting
from the decision in another case:

"Simply failing to see the dangerous obstruction over-
hanging the track is not enough, unless the danger was
obvious to him at the time, though it might have been seen
if he had been on the lookout; for the law imposes no obliga-
tion on the train crew, or any of them, to be on the look-
out for such things, but, on the other hand, they may give
their whole and undivided attention to the careful and
diligent performance of their duties, relying on the master
to give them a safe, clear and unobstructed track. This
does not mean that if they see the danger or know thereof,
or it is obvious to them, they are not required to avoid it
by the exercise of ordinary care, but it means that they are
not required to anticipate it, look for or expect it."

Counsel contend at some length for a distinction between
the doctrine of assumed risk, as affecting this case, and
contributory negligence. In our opinion the application
of either doctrine equally bars a recovery. The risk with
its obvious perils was assumed, and appellant has failed to
show that his intestate exercised any care for his own
safety. The deceased stood upon the top of a car, ap-
proaching the structure with which he was familiar, his
back turned toward it, and remained in this position until
the car reached and passed beneath the structure. No
relieving or excusing facts appear. The burden of show-
ing an exercise of ordinary care upon the part of his in-
testate rested upon appellant. This he failed to show,
but on the contrary, established by the evidence that the
deceased was, through momentary heedlessness or inatten-
tion to his surroundings, brought to his death. We are of
opinion that upon the facts of this case no recovery could
be sustained, and therefore that the learned trial court did
not err in peremptorily directing a verdict.

The judgment is affirmed.

Mr. Presiding Justice WINDES concurs in the conclusion
reached to the extent that a recovery is barred by the con-
tributory negligence of appellant's intestate.