### American Malting Co. v. Frank Z. Lelivelt.

1. MASTER AND SERVANT—*No Obligation to Adopt Every New Device in Machinery.*—There is no obligation upon the employer to adopt every new device in machinery which may be invented, nor is it of itself negligence to use machinery which is reasonably safe, although other machinery might be found which would be more safe and in the use of which the injury could not occur.

2. NEGLIGENCE—*When Not to be Imputed for a Failure to Warn Employe of Danger.*—Where an employe is a man of mature years, had been employed about machinery for some time, and it was apparent to any one of mature years and ordinary capacity that a machine was

dangerous, negligence can not be imputed to the employer by a failure to specifically warn the employe of the danger.

3. ATTORNEYS—*When a Remark in the Opening Statement of Counsel is Improper.*—A remark by counsel in his opening statement that his client could not call as a witness a physician who attended him because the physician demanded $100 for testifying, is improper, as the court by process could have secured the attendance and testimony of the witness.

Trespass on the Case.—Personal injury.  Appeal from the Circuit Court of Cook County; the HON. RICHARD W. CLIFFORD, Judge, presiding.  Heard in this court at the October term, 1901.  Reversed and remanded.  Opinion filed March 20, 1902.  Rehearing denied.

Appellee brought this suit to recover damages claimed to have been sustained by him through negligence of appellant, his employer.  The declaration consists of two counts.  In the first count it is charged that while appellee was in the employ of appellant as a carpenter in its factory, appellant disregarded its duty to furnish appellee a safe place to work, and conducted itself so negligently in that regard that it furnished him an unsafe place to work, as appellant knew or might have known, and which appellee did not know and had not means of knowing; whereby appellee's clothing was caught by a set screw attached to a shaft revolving rapidly, and he was injured, etc.

In the second count it is charged that appellant was negligent in failing to warn appellee of dangers in work appellee was to perform and in setting him to work near a set-screw on a shaft revolving so rapidly appellee could not see the set-screw, all of which appellant well knew, or by exercise of ordinary care might have known, and which appellee did not know and had no means of knowing, and appellant negligently failed to warn appellee of the location and danger of the set screw, whereby appellee was caught on said set-screw, injured, etc.

The evidence discloses that appellee was a carpenter, about thirty-eight years of age at the time of the injury.  That appellant was engaged in the business of operating two malt houses in Chicago, one of which houses was located at Rockwell street and the other of which was located at Har-

·vard street. The Harvard street malt house was purchased by appellant in 1897, and was equipped with projecting set-screws, that is to say, the screws which fastened the collar to the shaft projected about one inch beyond the surface of the collar. The Rockwell street house was equipped with counter-sunk set-screws. That is to say, the set-screws which fastened the collar to the shaft were counter sunk, so that they did not project beyond the surface of the collar. The injury occurred at the Harvard street house on January 21, 1898.

Appellee had been employed by appellant as a carpenter since the September preceding the injury. For the most part his work had been at the Rockwell street house; but he had at times been put to work at the Harvard street house. Some six weeks or two months before the injury he had done some work at the Harvard street house, and for two or three days immediately preceding the injury he had worked there. On the 21st day of January, Brain, appellant's foreman, directed appellee to replace a box which was around a pulley. The shaft was revolving and nothing was said by Brain or by appellee as to having the machinery stopped while the work was being done. Brain did not direct appellee specifically as to the work to be done, but told him that Robinson, the engineer, would instruct him. Robinson testified that he directed appellee to use a crow-bar to pry off the old boards which had to be removed before the boxing could be put on. Appellee denied that he was so directed by Robinson. Instead of following this direction as to using a crow-bar (if so directed), appellee undertook to get the old pieces of wood off by drawing the screws which held them, with a screw-driver. In so doing he was caught by the revolving shaft and injured. There was evidence that it was not very light at the place in question. It is undisputed that Brain warned appellee to be careful. There is no evidence that appellee objected to doing the work while the machinery was in motion, or that he required better light. At the time that he was caught by this shafting, appellee stood

American Malting Co. v. Lelivelt.

upon what is called a "conveyor." This conveyor was used for conveying malt from different parts of the room to the elevator. Appellee describes his use of it at the time in question as follows:

"I used a small ladder to go up on the conveyor; the conveyor I used as a platform was about seven or eight feet above the floor, and was about twenty inches wide, and from the conveyor up to the shafting was about three feet. I think it is twenty inches between the wall and the conveyor; the outside of the conveyor would be about thirty-two inches from the wall; the shafting was about ten inches from the wall. When I got up on the conveyor, I had a screw-driver about a foot or ten inches long to work with. I knew the shaft was running before I got up on the conveyor. If the shaft run, the pulley had to run; they were running; there was a belt over the pulley which run there; knew before I got on the conveyor that the shaft and pulley were revolving fast. I asked nobody to slow it down. I did not object to doing the work, and did not know it was running until Brain told me; did not ask Brain to have it stopped. I did not notify the engineer or anybody to stop it. When I first got on the conveyor I was three or four feet east of the pulley; then I walked west on the conveyor opposite to where the work was. I did not know there was a set-screw on the pulley at that time. Some pulleys are one way and some another. I made no inquiry of anybody as to how those collars were fastened."

Appellee's counsel in their brief speak of this conveyor as a movable thing. They say appellee "took his tools to the kiln-room and there placed a conveyor or movable platform in a convenient position under the shafting about which he was to work, and climbed upon it."

The issues were submitted to a jury and they returned a verdict for appellee and assessed his damages at $4,500. From judgment thereon this appeal is prosecuted.

HENRY B. BALE and COX, HELDMAN & SHORTLE, attorneys for appellant.

JOHN F. WATERS and JOHNSON & PEGLER, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Counsel for appellant urge as grounds for a reversal:

1st. That there was no actionable negligence of appellant shown.

2d. That appellee assumed the hazard of the danger which led to his injury.

3d. That the court erred in admitting evidence as to the use of counter-sunk set-screws in the Rockwell street malt house.

4th. That the court erred in permitting counsel for appellee to ask certain questions of veniremen upon *voir dire.*

5th. That the court erred in permitting counsel for appellee to make certain remarks in the presence and hearing of the jury.

6th. That there was error in the refusal of certain instructions tendered by appellant.

The only grounds upon which negligence of the appellant could be predicated, are that the use of projecting set-screws is of itself a negligent act, or that there was negligence in failing to warn the appellee that projecting set-screws were upon the shafting in question.

It can not be held that the use of projecting set-screws of itself imputes negligence. The evidence discloses by a great preponderance, if not conclusively, that projecting set-screws were in common use upon such machinery as that here in question, and there is considerable evidence to the effect that they were better than the counter-sunk screws for the purposes for which they were used. It is true that appellant had adopted the counter-sunk screws in its Rockwell street building. But it had not adopted them at the Harvard street house. There is no obligation resting upon the employer to adopt every new device in machinery which may be invented. Nor is it of itself negligence to use machinery which is reasonably safe, although other machinery might be found which would be more safe, and in use of which the injury could not occur. Simmons v. C. & T. R. R. Co., 110 Ill. 340; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244; Penn. Co. v. Backes, 133 Ill. 255.

American Malting Co. v. Lelivelt.

It is assigned as error that the court admitted, over objection, evidence as to the use of counter-sunk set-screws in the Rockwell street building. We are of opinion that the error is well assigned. The learned counsel for appellee urge that this evidence was competent because appellant owned both of the buildings. We can not view this fact as changing the rule. The question was whether there was negligence in using the projecting screw in the Harvard street house—not as to possibility of using the counter-sunk screw, nor the comparative merits or safety of the two kinds. C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41.

In that case the Supreme Court said:

"The fact that a few of the railroads of the country have adopted this new device, or that the defendant has used it on a part of its road, is not enough to establish its utility and establish negligence in every other road that adheres to the old system."

It is a question of fact for the jury to determine, whether the course adopted in any given case was an exercise of ordinary care. If it can be said that the jury have here found that the use of projecting set-screws was of itself negligence, then the verdict was manifestly against the weight of the evidence. For the evidence shows that projecting set-screws were the commonly accepted device for holding the collar to the shaft. Neither do we think that negligence can be imputed to appellant by reason of the alleged failure to warn appellee of danger. Appellant's foreman did warn appellee in general terms when setting him to work, and he referred him to the engineer for specific direction, and the engineer testified that he in turn warned him. But these warnings were of a general nature, *i. e.*, to be careful, and it is not shown that any one notified appellee specifically that the shafts were equipped with projecting set-screws. We are of opinion, however, that a failure in this did not constitute actionable negligence, and that upon the evidence a verdict could not be sustained which was based upon this failure of notice as the only ground of negligence. If the projecting set-screws were an unusual thing, and therefore constituted an unusual peril

in the business, or if appellee had been a person of tender years, or otherwise incompetent to appreciate ordinary hazards of the business, the case might be different. But here the appellee was a man of mature years. He had been employed about like machinery for some time. He was perfectly aware that some shafts were equipped with projecting screws. He testified:

"I did not know there was a set-screw on the pulley at that time. Some pulleys are one way and some another. I made no inquiry of anybody as to how these collars were fastened."

It was apparent to any one of mature years and ordinary capacity, that the revolving shaft was dangerous, whether it was equipped with projecting set-screws or not. The evidence does not clearly establish, and it is a matter of inference only, that it was the set-screw which caught the clothing of appellee and caused his injury. Close approach to the shaft while it was revolving was perilous and it was not incumbent upon appellant to notify or warn appellee of this self-evident fact. Anderbreg v. C. & N. W. Ry., 98 Ill. App. 207, and cases therein cited.

Cases cited by the learned counsel for appellee which hold that a defect which increases the peril of the employment ought to be called to the attention of the employe if known, or if such as ought to be known, to the employer, are not in point, for here there was no defect, but an appliance which was in common use and of the ordinary kind.

That the appellee, familiar with the use of projecting set-screws, assumed the hazard of such use of them as was in vogue in the business of appellant when he entered into his employment there, is, we think, apparent. The doctrine that an employe who has knowledge of a defect and yet continues in his work does not necessarily assume all the hazards of such defect if he be ignorant of the dangers therefrom arising, does not here apply. There was no defect. The danger in a swiftly revolving shaft is obvious. Whether the engineer directed appellee to use a crow-bar in his work, or not, it is uncontroverted that appellee was not

American Malting Co. v. Lelivelt.

directed to do the work with a screw-driver.    He did choose to do it in that manner, and he knew the hazard.    Karr Co. v. Kroening, 167 Ill. 560.

It is true that the question of assumption of risks by an employe is usually a question of fact to be determined by a jury.    But the verdict of a jury can not be permitted to support a judgment when that verdict is against the manifest weight of the evidence.

The court did not err in permitting questions to veniremen upon their *voir dire.*    Iroquois Co. v. McCrae, 91 Ill. App. 337.

Counsel for appellee stated, in effect, to the jury, in opening statement, that appellee could not call as a witness a physician who had attended him because the physician demanded $100 for testifying.    This remark was improper. The process of the court could have secured the attendance and testimony of the witness.    The remark was calculated to prejudice the jury, and it was error to overrule objection to it.

Complaint is made of the refusal of the trial court to give the eighth, twenty-third and forty-first instructions tendered by appellant.    We are of opinion that the learned trial court did not err therein.    The eighth and forty-first instructions were bad, and the twenty-third, so far as it was proper and applicable to the evidence, was sufficiently covered by the thirty-sixth instruction given at instance of appellant.    The eighth instruction assumed that failure on the part of appellee to exercise care deprived him of a right of recovery.    The forty-first instruction imposed a duty of inspection upon appellee which the law does not require.    Moreover, it was wholly inapplicable to the evidence, as no question as to defects or inspection therefor arises here.

The evidence as to the light at the place of the injury was admissible as part of the *res*, but no right of recovery could be based upon such evidence under the pleadings.

Because the verdict is against the manifest weight of the evidence, the judgment is reversed and the cause is remanded.