GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V.
FRED BROWN.

Decided November 25, 1903.

**1.—Master and Servant—Inspection—Railway Brakeman.**

A railway freight brakeman owes no duty of inspection to discover the dangerous proximity of a right of way fence post to a spur track at a point not on the road over which he runs.

**2.—Same—Assumed Risk—Pleading.**

Where the defendant company in an action for personal injury brought by an employe does not plead assumed risk, it is not entitled to a charge on that defense.

Appeal from the District Court of Val Verde. Tried below before Hon. J. M. Goggin.

*Baker, Botts, Baker & Lovett* and *Ellis & Love,* for appellant.

*Joseph Jones, H. I. Moore,* and *H. E. McManis,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages for personal injuries alleged to have been inflicted by the negligence of the latter. Appellant's answer consisted of a general denial and plea of contributory negligence.

The trial resulted in a verdict and judgment in favor of the appellee for $12,000.

The evidence shows that on the 2d day of July, 1902, the appellee was in the employment of appellant as a brakeman on one of its freight trains which was run over its road from Sanderson to Del Rio; that when the train reached Langtry, an intermediate station, its engine ran out on a spur track there and picked up a car for the purpose of placing it in the train; that when the engine was returning with the car appellee, in the discharge of his duty as brakeman, was riding on the side of the car with one foot in the stirrup and the other on the oil box, holding to the handhold and brake wheel—which was the customary, proper and, ordinarily, safe position—for the purpose of getting down and setting the switch when the engine should pass over it, so the car could be backed upon the main track and coupled to the train; that while riding in such manner, in the exercise of ordinary care, appellee was brought in violent contact with a fence post standing on appellant's right of way in dangerous proximity to said spur track, of which dangerous proximity he was wholly ignorant, whereby he was mashed and bruised and seriously and permanently injured.

From these facts we conclude, (1) that appellant was guilty of negligence in allowing the fence post to stand in such proximity to its track as endangered its trainmen when in the discharge of the duties of their employment; (2) that such negligence was the proximate cause of appellee's injuries; (3) that appellee was guilty of no negligence

proximately contributing to his injuries; and (4) that by reason of the injuries inflicted by such negligence, appellee has been damaged in the amount found by the jury.

*Conclusions of Law.*—1.  The appellee owed no duty of inspection to discover the dangerous proximity of the post to the track, which was due alone to appellant's negligence.  Galveston, H. & S. A. Railway Co. v. Morston, 6 Texas Ct. Rep., 537, 71 S. W. Rep., 770; Gulf, C. & S. F. Railway Co. v. Darby, 67 S. W. Rep., 446; International & G. N. Railway Co. v. Bearden, 71 S. W. Rep., 559; Railway Co. v. Moore, 68 S. W. Rep., 559; Houston Elec. Co. v. Robinson, 76 S. W. Rep., 209; Railway Co. v. Oram, 49 Texas, 341; Bonner v. La None, 80 Texas, 117, 15 S. W. Rep., 803; Railway Co. v. Slinkard, 17 Texas Civ. App., 585; Texas & P. Railway Co. v. Swearingen, 122 Fed. Rep., 204; Anderberg v. Railway Co., 98 Ill. App., 207.  Hence, the court did not err in refusing special charge number 1 requested by appellant's counsel.

2.  The appellant, not having plead assumed risk, was not entitled to the special charge asked by its counsel submitting such an issue. International & G. N. Railway Co. v. Harris, 95 Texas, 349.  Besides, the evidence did not warrant its submission, for it shows that appellee did not know of the post standing near the spur track.  If, however, such an issue could be deemed to have arisen from the pleadings and evidence, it was properly submitted by the eighth paragraph of the court's charge.  Railway Co. v. Henning, 91 Texas, 347; Railway Co. v. Bingle, 91 Texas, 288; Railway Co. v. McLane, 24 Texas Civ. App., 322; Railway Co. v. Ingelhorn, 24 Texas Civ. App., 326; Railway Co. v. Harris, 95 Texas, 346.

3.  Our conclusions of fact dispose of the assignments which complain of the court's refusal to grant a new trial upon the ground that the verdict is excessive and not warranted by the evidence.  The case of Railway Co. v. Jones, 68 S. W. Rep., 190, is directly applicable to the question raised by these assignments.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.