## Aurora Boiler Works v. John W. Colligan.

### Gen. No. 4,380.

1. SET-SCREW—*effect of use of, upon question of negligence.* The use of a set-screw by a master is not negligence *per se.*

2. FELLOW-SERVANTS—*who are.* Servants of a common master who are engaged at the same time in doing the same work, whose duties have brought them in such close association that they could exercise an influence over each other promotive of proper caution, are deemed fellow-servants.

Action on the case for personal injuries. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1904. Reversed, with finding of facts. Opinion filed August 24, 1904.

ALDRICH & WORCESTER and FRANK G. PLAIN, for appellant.

MURPHY & ALSCHULER, for appellee; CHARLES F. CLYNE, of counsel.

MR. JUSTICE VICKERS delivered the opinion of the court.

John Colligan, appellee, was employed as a laborer by the Aurora Boiler Works, and while assisting one Smith,

another laborer, in drilling holes in a boiler, by the use of an air drill, the chuck on which was connected by a set-screw, had his thumb torn off by being caught by the set-screw while the drill was revolving. He recovered a verdict for $5,000, which was reduced by a remittitur to $1,500, and judgment rendered on the verdict, to reverse which this appeal is prosecuted.

The negligence charged in the declaration is the placing of the set-screw in the air drill, thereby unnecessarily rendering the air drill dangerous, which danger appellant well knew, and appellee was ignorant of, and in requiring appellee to work with the dangerous air drill without notice or warning of the danger from working the drill with the set-screw.

The evidence shows that this drill was operated by compressed air; that while the drill was being adjusted to the place where the hole was to be made, the air was cut off, and there was no danger in handling the drill, but when the power was applied, the drill revolved 200 to 250 times per minute, with force sufficient to cut the iron below the point of the drill. When the drill was being set on the mark where the hole was to be made, it was necessary for the men to take hold of it and set it on the point and to steady it until the power was turned on. Smith was engaged with appellee at the time of the accident, and the two were working together with the drill; they had made one hole and were getting ready to drill the second one when the accident occurred. Appellee had set the drill for the first hole, and Smith turned on the power, but before doing so he inquired of appellee if he was ready, and was told to "let her go." No trouble happened in drilling the first hole. When the second was to be made, appellee and Smith proceeded together, very much as they had with the first, except Smith failed to inquire of appellee whether he was ready, but turned on the power without giving appellee any notice, and the drill started while appellee had his hand on the drill near the set-screw, the protruding head of which caught in his mitten and tore his right thumb off. The set-

screw was a small, square-headed screw about one-half inch square, and the head of it extended nearly one-half inch from the surface of the drill.

It is contended on behalf of appellant that the verdict is not supported by the evidence, and that the court erred in not directing a verdict for appellant; also that there is no proof of any negligence on the part of appellant, and that the injury was the result of the negligence of Smith, a fellow-servant of appellee, and that the injury was the result of an assumed risk. To these several contentions appellee replies that the evidence is practically uncontradicted that appellee was required by the assistant foreman to use this drill with the set-screw; that it was a dangerous machine or device, and known to be such by appellant, and the danger was unknown to appellee, and that appellant was guilty of actionable negligence in failing to warn appellee of the danger from using the drill with a set-screw. There is no conflict in the evidence, and the question must therefore be determined as matter of law.

In the view we take of the case, it will not be necessary to discuss all the points raised by appellant.

It cannot be held that the use of the set-screw in this drill was a defect in the machine, or that it was negligence to furnish appellee with a drill with the set-screw attached. It is a matter of common information that the set-screw is one of the generally used mechanical devices, and its use has never been determined, as a matter of law, to be negligence. It is true, cases may be found where the master has been held liable for injuries caused by a set-screw; but it will be found that in such cases the liability is not placed on the grounds that the use of such a device is negligence, or that such an appliance is a defect in the machine. We have examined Dowling v. Allen, 74 Mo. 13, Pruke v. South Park Foundry and Machine Co., 68 Minn. 305, and Ingerman v. Moore, 90 Cal. 410, cited by counsel for appellee, where recoveries were sustained for injuries from set-screws on revolving shafts, but in none of these cases, nor in any others that we have been able to find, is the master

held liable on the theory that the mere use of a set-screw was negligence. There are, on the other hand, numerous authorities holding that the use of a set-screw on revolving machinery and shafting is not negligence *per se*, among which may be cited Ford v. Mount Tom Sulphite Co., 172 Mass. 544, and other cases there cited. While no case in Illinois has been cited, and we have been unable to find any bearing on this question, on principles recognized by our courts in disposing of similar questions, whether a liability exists in this state for an injury caused by a set-screw on revolving shaftings or machinery, would have to be determined as a question of fact from a consideration of all the attending circumstances. A set-screw on an uncovered shaft laid horizontal in a dark place where the servant's duty requires him to step over it might reasonably be held to be actionable negligence if an injury should be received by the servant while he was himself in the exercise of reasonable care for his own safety, while a similar set-screw in an upright shaft, in the light, might just as reasonably be held not actionable negligence.

In the case at bar, as we understand the evidence, the set-screw was used to retain the drill point in a socket, and the drill was operated in an upright position above the place where the hole was to be made. When the power was not applied, the drill and the set-screw were free from danger. There was no special reason for appellee having his hand on the drill at the particular point where the set-screw was located, yet all this would occur without the slightest injury, unless the drill was set in motion by the power being turned on. While the drill and the set-screw furnished a condition of things which made the injury possible, yet the direct, efficient and proximate cause of the injury was the act of Smith in turning the power on without seeing before doing so, that appellee was not in danger, or giving warning, as he did in the first instance, that he was going to start the drill. If we are correct in this, then the only question remaining is, can appellant be held liable for the negligence of Smith. Smith and appel-

lee were both servants of appellant; both were engaged at the time in doing the same work; their duties brought them into such close association that they could exercise an influence over each other promotive of proper caution. Upon the facts upon which their relation depends there is no dispute, and they are so conclusive that all reasonable men must reach the conclusion that the men were fellow-servants. This being true, whether the parties were fellow-servants becomes a question of law.

In Illinois Steel Co. v. Coffey, 205 Ill. 206, it is said: "While it is generally a question of fact, to be determined by the jury under proper instructions, whether the relation of fellow-servant exists, yet when all the facts upon which the relation depends are made known without dispute or controversy, and are so conclusive that all reasonable men must reach the same conclusion therefrom, it becomes a question of law." Many other cases hold the same: See Wabash Ry. Co. v. Brown, 152 Ill. 484; Chicago & Eastern Illinois R. R. Co. v. Driscoll, 176 Ill. 330; Meyer v. Ill. Central R. R. Co., 177 Ill. 591; Slack v. Harris, 200 Ill. 96; Ill. So. Ry. Co. v. Marshall, 210 Ill. 562.

The rule in this state established by many decisions is, that where one servant is injured by the negligence of a fellow servant and their duties are such as to bring them into habitual association, so that they may exercise a mutual influence over each other promotive of proper caution, and the master has been guilty of no negligence in employing the servant, the master is not liable. Joliet Steel Co. v. Shields, 134 Ill. 209, and cases there cited; Illinois Steel Co. v. Coffey, *supra.*

The injury in the case at bar was caused by the negligent act of Smith, who was at the time a fellow-servant of appellee; consequently, no recovery can be had.

The judgment is reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find as a fact that appellant was not guilty of negli-

gence, as charged in the declaration. We find that the injury was the result of the negligence of one Nicholas Smith; that said Smith and appellee were servants of appellant in the capacity of laborers; that appellee and said Smith were engaged in the same line of employment and that their duties brought them into habitual association with each other; that said Smith and appellee were so associated together at the time of and before the accident as to be able to exercise a mutual influence over each other promotive of proper caution. We find as a fact that said Smith and appellee were fellow-servants at the time of the injury.