## Pictorial Printing Company v. Emma Keil.

### Gen. No. 4,763.

1. ASSUMED RISK—*when doctrine of, applies.* A servant is precluded from recovery by the operation of the doctrine of assumed risk where she was of mature years, of ordinary capacity, had been employed about the machine which caused the injury for some period of time, and where the injury followed from a danger which was apparent and obvious.

Action in case for personal injuries. Appeal from the City Court of Aurora; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the October term, 1906. Reversed, with finding of fact. Opinion filed March 13, 1907.

HORTON, BROWN, RICHOLSON & MILLER and FRANK R. REID, for appellant.

E. M. MANGAN and W. J. TYERS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in case by appellee against appellant to recover damages for the loss of the end of the ring finger on the left hand while working as a press feeder at a printing press. The declaration contains two counts; the first alleges negligence on the part of the appellant in permitting a certain rod of the length of four inches and attachments to a printing press to be uncovered, and that the same thus exposed were dangerous; the second alleges it was the duty of appellant to warn inexperienced employes of the dangers of their employment, and avers negligence of appellant in failing to do so. There was a verdict and judgment for $600. Appellant assigns for error amongst other things, that the court improperly refused to direct a verdict for the defendant at the close of all the evidence, and insists that appellee was injured because of her own want of ordinary care.

Appellant is engaged in the printing business and on the 14th of June, 1905, was using a number of printing presses, amongst which were some known as the Perry Campbell presses. In February, 1905, appellee being twenty years of age went to work for appellant as a box folder. On April 1st her work was changed to that of a press feeder, and she ran one of the Perry Campbell presses continuously up to June 14th, the date of her injury. At the time she began working as a press feeder the foreman pointed out dangerous places about the press, but did not point out the particular part by which she was injured. The appellee sometimes stood at her work and at others was seated; when standing she was on a platform so that all her body from the waist upwards was above the table, and when seated the table came to about her chest. The material to be printed was placed on the press table and fed under guides, where

it was seized by nippers attached to the cylinder which pulled the material off the table; the press cylinder and the machinery operating it were not above the level of the table. As appellee stood facing the press table the cylinder was to her left, in which direction the table was slightly inclined. Under the edge of the table in front of the operator was a lever with which the machine was thrown into and out of gear and thus started or stopped. To the left of the operator and of the table but not above it were some cog wheels which for the safety of the operator, were inclosed in an iron cover or guard an inch wide. Between the cog-wheel guard and the main printing cylinder is a small cylinder, the top of which is about the same height as the top of the cog-wheel guard, and three inches from the inside of the guard. A small iron rod works back and forth into this small cylinder on the side next the guard. Attached to this rod is a small arm called a chuck, which works the rod in and out of the cylinder by a connection with a winding groove or worm on the rim of a small wheel below it. The chuck works back and forth a space of three-fourths of an inch, in one direction going against the end of the small cylinder and then away from it. The oscillation of this chuck against the end of the small cylinder was in plain sight of the press feeder whether she was seated or standing. The press cylinder made 2,400 revolutions in an hour, and the chuck the same number of motions against the small cylinder and away from it. At the time of the accident appellee was seated feeding the press, and having run out of material, she took hold of the lever with her right hand to stop the press, and with her left took hold of the cog-wheel guard either to brace herself or to raise from her seat, and her ring finger protruding three inches beyond the guard was caught between the end of the small cylinder and the chuck, and so injured that the finger was amputated about half way up the nail, but in order to get sufficient flesh to cover the

bone it was necessary to remove the nail. The evidence of appellee at the time of the trial was, that she was twenty-one years of age; that she had worked this press continuously for over ten weeks; that at the time she was hurt she did not know how she was injured; that the foreman had shown her the different parts about the press, and told her to be careful that she should not get hurt, but did not point out the part that injured her; that she never saw the device that moved back and forth; that she oiled the machine including this particular device by which she was injured. The evidence shows it was in plain sight whether she was sitting or standing and close to her. There was no defect in the machinery. It was just as it was during all the time she used it. She attempted to take hold of the cog-wheel guard, and her finger got between the chuck and the end of the small cylinder three inches beyond the guard. She could not help but know her finger would be crushed if placed between the chuck and the cylinder. The danger was apparent and obvious. It was where she could not help seeing it. Appellee was of mature years, of ordinary capacity, had been employed about the machinery for some time, and in such case where the danger is apparent, the accident must be held to be the result of her own want of ordinary care. Browne v. Siegel, Cooper & Co., 191 Ill. 226; Herdman-Harrison Milling Co. v. Spehr, 145 Ill. 329; American Malting Co. v. Lelivelt, 101 Ill. App. 320; Kolb v. Chicago Stamping Co., 33 Ill. App. 388; Jones v. Roberts, 57 Ill. App. 56. When all the evidence is considered with all legitimate inferences to be drawn therefrom, it clearly appears she was injured by reason of her own contributory negligence and the peremptory instruction to find a verdict for appellant should have been given. The judgment is reversed.

*Reversed.*

Finding of facts, to be incorporated in the judg-

ment of the court: The danger in the operation of
the printing press by which appellee was injured was
plain and obvious, and she assumed the risk of work-
ing adjacent thereto, and was guilty of contributory
negligence in placing her finger between the chuck and
the small cylinder. She had no duty to perform re-
quiring her hand to be placed where it was when in-
jured.