## Lydia Bohn, Appellee, v. Standard Laundry Company, Appellant.

### Gen. No. 14,572.

1. MASTER AND SERVANT—*what does not tend to show negligence in use of defective machinery.* Evidence of the use of a particular machine with equipment of a different character from that employed by other machines used by the same master, or evidence that a different equipment for protection purposes was subsequently employed, does not tend to show that the particular machine in question was negligently defective at the time of the accident in question.

2. EVIDENCE—*what not sufficiently definite to show lack of ordinary intelligence.* The testimony of a witness to the effect that the servant who was suing his master for personal injuries, asked foolish questions and was very dull, is too indefinite and general to establish a lack of ordinary intelligence.

3. BILL OF EXCEPTIONS—*when cannot be impeached.* A bill of exceptions containing an endorsement by the presiding judge as to the time when it was presented to him, is properly filed *nunc pro tunc* as of the date of such presentment, and the Appellate Court will not look to any other document which purports to impeach it, even though such other document may likewise be signed by such presiding judge.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed June 4, 1909.

**Statement by the Court.** This appeal is from a judgment of the Superior Court in favor of the plaintiff, appellee, and against the defendant, appellant, for damages for injuries which the plaintiff received while working for the defendant in its laundry.

The defendant at the time of the accident, August 6, 1904, was engaged in the general laundry business in Chicago. The plaintiff was one of its employes. At the time of the injury, she was engaged in her work of feeding roller towels into a mangle. As she was doing her work she says her fingers caught in a hole in a towel and before she could disengage them, her

left hand was drawn between the heated rolls of the mangle and so crushed and burned that it was amputated at or near the wrist.

At the time of her injury plaintiff was nearly seventeen years old. Suit was brought by her against the defendant August 11, 1904, and a declaration consisting of one count, in which the only negligence averred against the defendant was failing to have any guard on the mangle.

Four additional counts were filed later, January 16, 1907. The negligence averred in the first of these additional counts is that the defendant permitted a certain piece of cloth which contained a hole in it to be in the quantity of clothes to be put through the mangle by the plaintiff. The negligence averred in the second, third and fourth additional counts is a failure to have a guard on the mangle.

Three more counts were filed July 16, 1907. The first of these three counts avers negligence in the adjustment of the guard in such a manner that it was incapable of and did not prevent the hands of the operator from passing into the mangle and under the rollers, and that defendant had notice thereof and the plaintiff was not informed thereof. In the second of these counts the improper position of the guard is alleged, and that the plaintiff was mentally immature and deficient, and not of the ordinary understanding of girls of her age, and on that account she did not appreciate the danger to which she was exposed. The third of these counts is substantially the same as the second.

F. J. CANTY and J. C. M. CLOW, for appellant.

F. A. ROCKHOLD, FRANCIS V. BUSCH and S. KRUSE, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

In the view we take of this case the judgment must

be reversed for errors in procedure at the trial, and the cause must be remanded for a new trial. We therefore do not pass upon the merits of the controversy presented in the record.

The court permitted Ellen Terry, a witness called by the plaintiff, to testify that the mangle was equipped with a device which would allow the use of a roller guard, a different style of guard from that in use on the machine at the time of the injury; and that there was at one time a roller guard upon the mangle; that it was used for more speed, carried the cloth through quicker, and prevented the operator from catching her hand in the machine.

From the statement of the declaration given above we think it clearly appears that this evidence did not tend to prove the negligence averred in any of the counts. It was, therefore, not relevant to the issues presented by the pleadings, and was misleading to the jury. The question on the trial was, whether it was negligence to use the guard on the mangle in the manner in which it was used—not as to the possibility of using a roller guard and the effect thereof.

The same witness was permitted, over objections by appellant, to testify that the plaintiff worked on another machine—a little mangle with a roller guard—before she worked on the mangle in question, and that it was practicable to operate that mangle with that roller guard. The witness Bessie Reese, who testified on behalf of the plaintiff, was permitted, over objection, to testify that there was no roller guard on the mangle at the time or just before plaintiff was injured. Substantially the same testimony by other witnesses was admitted.

In the first place negligence of the appellant cannot be predicated on the fact that there was a roller guard on some other machine and that there was no roller guard on the mangle in question. It cannot be held that the use of some other guard than a roller guard on a mangle is of itself a negligent act. Secondly, no such negligence is averred in the declaration.

As said in American Malting Co. v. Lelivelt, 101 Ill. App. 320: "There is no obligation resting upon the employer to adopt every new device in machinery which may be invented. Nor is it of itself negligence to use machinery which is reasonably safe, although other machinery might be found which would be more safe, and in use of which the injury could not occur. Simmons v. C. & T. R. R. Co., 110 Ill. 340; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244; Penn. Co. v. Backes, 133 Ill. 255."

We think the assignment of error upon the admission of the above evidence must be sustained, upon the grounds that it does not tend to prove any material allegation of any count in the declaration, or any act of negligence averred. The admission of the testimony of Anna Alding and Josephine Terry to the effect that plaintiff did not understand anything, and asked foolish questions and was very dull, was of such indefinite, general and sweeping conclusions of the witnesses as to make it clearly erroneous.

The defendant requested the court to give to the jury the following instructions:

"If you believe from the evidence that at the time of this injury mangles of the character of the one in question and provided with a guard of the same style as was the mangle in question, were in common and general use by persons carrying on the same business as this defendant, then this defendant did, as a matter of law, furnish a proper style of guard on the mangle on which plaintiff was hurt, and you would not be justified in finding that this defendant was negligent in not equipping this mangle with some other or different style of guard."

"If you believe from the evidence in this case that at the time of the injury to this plaintiff mangles of the same character as the one on which plaintiff was hurt were in common or general use for the purpose of doing the same work which was being done on the mangle in question at the time of the injury, then the fact, if it be a fact, that there were other mangles equipped with other or different or safer guards is

immaterial in this case, and should not be considered in any way by you in determining whether or not the mangle in question was equipped with a proper or safe guard.''

''The jury are instructed that no man is held to a higher degree of skill than the fair average of his trade or his profession, and the standard of his care is the conduct of the ordinarily prudent man under similar circumstances and conditions, and if you believe from the evidence in this case, that the mangle in question was of a character in common use for performing the work for which it was used at the time the plaintiff was injured, and if you further find from the evidence that it was in good condition, then the plaintiff cannot recover, unless you find from the evidence that the defendant was otherwise guilty of some negligence charged in the declaration.''

The court refused to give these instructions. In our opinion that was material error. The instructions are based on the evidence in the case, and announce correctly the law applicable to the facts shown by the record.

The motion to strike the bill of exceptions from the record, which was reserved to the hearing, is denied. The bill of exceptions, with the endorsement of the presiding judge as to the time when it was presented to him, was properly filed *nunc pro tunc* as of December 19, 1907, and we cannot look to any other document which purports to impeach it, although it may be signed by the trial judge.

For the errors indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*